## ATLANTIC COAST LINE RAILROAD CO. *v.* POWE, ADMINISTRATOR.

No. 600. Argued May 1, 1931.—Decided May 18, 1931.

*Mr. Arthur R. Young,* with whom *Messrs. Thomas W. Davis* and *V. E. Phelps* were on the brief, for petitioner.

*Mr. John P. Grace,* with whom *Mr. W. Turner Logan* was on the brief, for respondent. *Mr. Lionel K. Legge* also submitted a brief for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action under the Federal Employers' Liability Act for causing the death of Marshall, the respondent's deceased. It has been before the Court after an earlier trial, *Atlantic Coast Line R. Co.* v. *Tyner,* 278 U. S. 565, and now is brought here again to review a judgment of the Supreme Court of South Carolina affirming a judgment for the plaintiff. 159 S. E. 473. The petitioner contends that it was entitled to have a verdict directed in its favor on the grounds that there was no evidence that it was negligent and that Marshall must be taken to have assumed the risk of the supposed cause of his death.

It may be assumed that Marshall, a switchman, was killed while on the outside of a moving car by being brought into contact with a semaphore near the railroad track. The only ground for charging the Company with negligence that we regard as material is the suggestion that the semaphore was too near the track. The general principles laid down with regard to mail cranes in *Southern Pacific Co.* v. *Berkshire,* 254 U. S. 415, and *Chesapeake & Ohio Ry. Co.* v. *Leitch,* 276 U. S. 429, apply equally to semaphores. It is impracticable always to set such structures so far away as to leave no danger to one leaning out, and in dealing with a well known incident of the employment, adopted in the interest of the public and of the employees, it is unreasonable to throw the risks of it upon those who were compelled to adopt it.

The semaphore in this instance was four feet and ten inches at its base from the outer edge of the track and probably a little more at four feet above the top of the rail. An order of the South Carolina Railroad Commission, made, as it states, in consideration of the safety of the public and employees of the road and of the necessity for employees to give and receive signals, provides that no structure be allowed nearer than four feet from the outer edge of the main or side track, measurement being made four feet above the top of the rail. It will be seen that the Railroad Company in this case more than complied with the order. It is true that four feet was a minimum distance, but it satisfied the requirement of the Commission, and it would be going far to say that the Railroad Company was not warranted in supposing that it had done its duty, so far as the Commission was concerned, when it put the semaphore four feet and ten inches away. Marshall from his previous experience probably knew of the semaphore as he was required to do by the rules of the road. It was shown that some other semaphores were farther from the track, but the circumstances do not appear, and there is nothing to show that in this case the petitioner could have made the position safer than it was, except by changing the place of the track. As remarked in *Southern Pacific Co.* v. *Berkshire,* 254 U. S. 415, 417, the question is not whether a reasonable insurance against such misfortunes should be thrown upon the travelling public through the railroads, but whether the railroad is liable under the statute according to the principles of the common law regarding tort. No negligence is proved against the petitioner. It is urged that a certiorari was denied in *Central of Georgia Ry. Co.* v. *Davis,* 7 F. (2d) 269, which seemed to qualify the doctrine of the *Berkshire* case. But " The denial of a writ of certiorari imports no expression of opinion upon the merits of the

case, as the bar has been told many times." *United States v. Carver,* 260 U. S. 482, 490.

*Judgment reversed.*