## LOCKWOOD v. McGOWAN.
### No. 1743A.

District Court, W. D. New York.
Feb. 25, 1936.

Burke & Desmond, of Buffalo, N. Y. (Thomas C. Burke, of Buffalo, N. Y., of counsel), for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., and Andrew D. Sharpe and Paul R. Russell, Sp. Assts. to Atty. Gen., and George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

Thomas B. Lockwood and Marion B. Lockwood entered into a written agreement with the University of Buffalo to contribute $250,000 each to erect a building on the grounds of the University, to be known as the "Lockwood Memorial Library," and to bear a tablet inscribed with the names of the contributors. Mr. Lockwood paid $250,000. Mrs. Lockwood in her life paid $150,000. The plaintiff, after her death, as executor of her estate, paid the remaining $100,000. The government allowed no deduction of a tax on the gross of Mrs. Lockwood's estate on account of such $100,000. Plaintiff under protest paid the tax of $14,072.64, and, in this suit, seeks to recover it as illegally assessed.

The University of Buffalo is a New York corporation organized and operated exclusively "for scientific, literary and educational purposes, and no part of its earnings enures to the benefit of any private stockholder or individual." The building intended has been constructed as agreed from the funds provided as aforesaid.

Plaintiff bases his right to recover under the provisions of section 303 (a) (1) or (3), Revenue Act 1926 (44 Stat. 72), 26 U.S.C.A. § 412 and note. The deduction is not allowable under section 303 (a) (1). This has been decided in this Circuit Court of Appeals. Porter v. Commissioner, 60 F.(2d) 673, affirmed 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880. Such decision accords with Latty v. Commissioner (C.C.A.) 62 F.(2d) 952, and Glaser v. Commissioner (C.C.A.) 69 F.(2d) 254, 256, certiorari denied 292 U.S. 654, 54 S.Ct. 864, 78 L.Ed. 1502.

Is the amount deductible as a "transfer" within the meaning of section 303 (a) (3)? In Porter v. Commissioner, supra, under a comparable state of facts, it was held that it is. Defendant asserts that the question of the proper construction of subdivision (3) was not considered there and, further, that denial by the Supreme Court of the writ of certiorari in Glaser v. Commissioner, supra, may be construed as approving that part of the decision in that case that no consideration was given in Porter v. Commissioner, supra, to the effect of subsection (3). The briefs submitted in Porter v. Commissioner, supra, disclose that the precise question of the effect of subsection (3) was raised. The court therein devotes a considerable part of its opinion to discussion of the effect of subsection (3) upon the amounts contributed to Princeton University and to a hospital.

In the decision in Glaser v. Commissioner, supra, the court referring to the opinion in Porter v. Commissioner, said, in part, "The court seems to have been of the opinion that the deduction was allowable under section 303 (a) (3) of the Revenue Act of 1926, 26 U.S.C.A. § 1095 (a) (3)." The court there did state that apparently no consideration was given in Porter v. Commissioner to the question of whether the subscription to the University amounted to a "transfer", but the succeeding language in the opinion: "The promises made by Mr. Sommers in this case cannot * * * be brought within the meaning of 'bequests, legacies, devises or transfers' * * * and this part of the decision of the Court of Appeals of the Second Circuit does not aid the petitioners herein," may indicate that the court recognized a possible distinction in the effect of different states of fact. Such a distinction may be found in the fact that there was a written binding agreement in one case and only a verbal promise in the other.

The fact that a writ of certiorari was denied in Glaser v. Commissioner, supra, does not imply any expression of opinion of the Supreme Court on the merits. Atlantic Coast Line R. Co. v. Powe, 283 U.S. 401, 51 S.Ct. 498, 75 L.Ed. 1142. Irrespective of the decision in Glaser v. Commissioner, supra, this court feels that it is bound by the decision in Porter v. Commissioner, and upon that plaintiff is entitled to judgment as prayed.

Let judgment be entered accordingly.