EDWARD PIERCE, JR., an Infant, by EDWARD PIERCE, SR., His Guardian ad Litem, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY and THE CITY OF RENSSELAER, NEW YORK, Appellants.

Third Department, July 2, 1940.

*Whalen, McNamee, Creble & Nichols* [*Charles E. Nichols* of counsel], for the appellant New York Central Railroad Company.

*Thomas J. Delaney, Corporation Counsel,* for the appellant The City of Rensselaer.

*John J. Scully,* for the respondent.

SCHENCK, J. This is an appeal by the defendants New York Central Railroad Company and the City of Rensselaer from a judgment in favor of plaintiff against both defendants for $5,386.50, and from an order denying defendants' motions for a dismissal of the complaint. The action was brought to recover damages for personal injuries sustained by the infant plaintiff while descending the stairway of a footbridge over the tracks of the defendant railroad at Second avenue, Rensselaer, N. Y. The evidence does not clearly disclose how the accident occurred. The infant plaintiff, then between five and six years old, fell on the stairway of the bridge approach between the steps and the lower railing, and to the ground. There apparently was no obstruction of the stairway and no defect therein which caused plaintiff to fall. The negligence claimed is that the open space between the lower railing and the steps was unreasonably wide. After the jury had rendered a verdict for the plaintiff, motions were made by both defendants to set aside the verdict and to dismiss the complaint, which motions were denied by the trial justice.

Second avenue was formerly a grade crossing. In 1927 the Public Service Commission, in a proceeding brought on by its own direction, made an order, pursuant to the Grade Crossing Elimination Act (Laws of 1926, chap. 233), designating the elimination of the then existing crossing and directing that the street be closed and an overhead crossing for pedestrians constructed. The order required that the railroad prepare plans and specifications and submit the same to the Commission for its approval, including plans and specifications for the approaches, the construction of which was ordered to be made by the railroad. (Laws of 1926, chap. 233, § 2.) The railroad prepared detailed plans, which were approved by the Commission and the bridge was constructed in accordance with the plans thus approved, including the stairway and railing. After the construction work was completed, the Department of Public Works notified the Public Service Commission and the Commission, by its order, approved the completed work.

The question before this court is whether or not the railroad may be held liable for constructing a bridge upon the order of the Public Service Commission and in accordance with plans approved by the Commission. It seems to me that this case

is squarely within the holding of the Court of Appeals in *Weis* v. *Long Island R. R. Co.* (262 N. Y. 352). There, as here, the bridge was constructed by the railroad company, pursuant to an order of the Transit Commission, in accordance with plans approved by that Commission. The court held that the bridge structure, erected in accordance with such approved plans, was not in itself dangerous and no negligence was shown on the part of the railroad.

This court has likewise held that the railroad was not liable in a case decided in 1935 where the facts were substantially the same as here presented. (*Isaac* v. *Town of Queensbury*, 244 App. Div. 14.) There, as here, the Commission instituted a proceeding under the Grade Crossing Elimination Act and ordered a new underground crossing constructed. Detailed plans submitted by the railroad company to the Commission were approved. These plans made provision for the erection of a fence. The action against the railroad company and the municipality grew out of an accident wherein an automobile collided with this fence. The court absolved the railroad from any responsibility, holding that the railroad company did only that which it was ordered to do by the Commission in pursuance of the Grade Crossing Elimination Act.

The rulings in the Federal courts have likewise absolved the railroad company from liability where the issues were similar to those of the case at bar. (*Atlantic Coast Line R. Co.* v. *Powe*, 283 U. S. 401; *Southern Pacific Co.* v. *Berkshire*, 254 id. 415.)

Following the rulings in the foregoing cases, it is apparent that the complaint against the railroad company should have been dismissed. By the same token, the complaint must also be dismissed against the city of Rensselaer. Inasmuch as the bridge was constructed by order of the Commission acting under express authority of the Legislature, no liability can exist against the city for allowing the maintenance of the structure in the condition approved by the Commission. There is no evidence that there was any change in the structure or any deterioration of any part of the stairway or railing. Unless the structure was in itself a nuisance, the city cannot be held liable for maintaining a nuisance where none exists.

A serious question is presented as to the manner of giving notice to the city, as required by its charter. This point, raised by the city, need not be passed upon.

The judgment should be reversed and the complaint dismissed as against both defendants.

CRAPSER, BLISS and FOSTER, JJ., concur; BLISS, J., in a separate memorandum in which CRAPSER, J., concurs; HILL, P. J., dissents.

BLISS, J. I concur for reversal and dismissal for the reasons stated in the opinion of Mr. Justice SCHENCK and also on the ground that it does not appear that the stairway in question was not a proper stairway under all the circumstances of the case. (*Hodgens* v. *Sinisgalli*, 262 N. Y. 610.)

CRAPSER, J., concurs.

Judgment reversed on the law and complaint dismissed, without costs.