## LEWIS v. KING, Warden.

### No. 12428.

Circuit Court of Appeals, Eighth Circuit.

Dec. 28, 1942.

Morson J. Lewis submitted brief pro se.

Thomas A. Costolow, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Morson J. Lewis, an inmate of the United States Medical Center for Federal Pris-

oners at Springfield, Missouri, has appealed from an order of the district court of the Western District of Missouri sustaining a motion in the nature of a demurrer to dismiss his petition for a writ of habeas corpus. The petition was dismissed on the ground that it fails to state good and sufficient grounds for the issuance of the writ. Throughout the proceedings appellant has acted for himself; and with permission of the district court and of this court the petition has been prosecuted in forma pauperis.

The motion to dismiss and the order disclose that in 1941 appellant applied to the same court for a writ of habeas corpus on the same grounds alleged in the present petition; that he was given a hearing on his first application on October 1, 1941; and that in that proceeding the court made findings of fact and entered an order dismissing the petition. The present petition was filed May 19, 1942. No appeal appears to have been taken from the former order of dismissal; and the transcript of the former proceedings is not set out in the present record.

The petition alleges that appellant was indicted for a "violation of the U. S. Penal Code in the U. S. District Court for the Middle District of Pennsylvania and upon a unknowingly sindment of confession was sentenced to serve five (5) years in prison." It is alleged that his detention is illegal for two reasons: (1) Because the sentence was to begin on the day on which he was received at the prison; and (2) because he was sentenced October 20, 1936, and his time "was up" October 20, 1941.

Since the petition was dismissed on motion, the record fails to disclose why the second reason alleged is not a "good and sufficient" ground for the issuance of the writ. The unverified motion to dismiss alleges that "the term of imprisonment of the petitioner has not expired", but there are no facts alleged to sustain such allegation. It may be that the lower court took judicial notice of explanatory facts appearing in the proceeding before the same district court in 1941, but such facts do not appear in the present record. If it be true that petitioner was sentenced for five years only on October 20, 1936, prima facie he had completed his term of imprisonment on the date the present petition was filed, May 19, 1942, and the petition was not subject to dismissal on motion. Upon the record on this appeal clearly the appellant should be permitted to offer proof to establish the averments of his petition.

The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.