## PHILIPS et al. v. STAR OVERALL DRY CLEANING LAUNDRY CO., Inc., et al.

District Court, S. D. New York.

Jan. 6, 1944.

Barney Rosenstein, of New York City (Charles R. Katz, of New York City, of counsel), for plaintiff.

Samuel Pflug, of New York City (Joseph Katz, of Brooklyn, N. Y., of counsel), for defendant.

RIFKIND, District Judge.

The facts having all been stipulated, only two questions of law require determination:

1. Disregarding the exemption of § 13 (a) (2) of the Fair Labor Standards Act of 1938, are the plaintiffs covered by § 7 of the Act, 29 U.S.C.A. §§ 213(a) (2), 207?

2. Are the plaintiffs excluded from the provisions of § 7 by reason of the exemption of § 13(a) (2), which reads: "The provisions of sections 6 and 7 shall not apply with respect to  * * *  (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

■ I answer the first question in the affirmative. All Service Laundry Corporation was clearly engaged in producing goods as defined by § 3(j), 29 U.S.C.A. § 203(j). Its employees were engaged in working on such goods and in handling such goods. Its production was in commerce, since 80% of its activity was for Star Overall Dry Cleaning Laundry Company, all of whose work it handled and

5% of whose business was regularly and continuously in interstate commerce. 4% of All Service's production was, therefore, regularly and continuously for commerce. Plaintiffs were, therefore, substantially engaged in the production of goods for commerce.

■ I answer the second question in the negative. The Third Circuit has held that by "service establishment" Congress intended that type of establishment "which has the ordinary characteristics of a retail establishment except that it sells services instead, of goods." Fleming v. A. B. Kirschbaum Co., 3 Cir., 1941, 124 F.2d 567, 572. The Second Circuit, without deciding the question, has suggested that the term "service establishment" should perhaps "be limited to those who serve consumers directly, like tailors, or garages, or laundries; the juxtaposition of retail selling and 'servicing' does indeed suggest as much." Fleming v. Arsenal Building Corp., 2 Cir., 1941, 125 F.2d 278, 280.

The Supreme Court in affirming both of these decisions did not go very far in clarifying the problem, although it did speak of a service establishment as one engaged in "selling services to consumers." A. B. Kirschbaum Co. v. Walling, 1942, 316 U.S. 517, 526, 62 S.Ct. 1116, 1121, 86 L.Ed. 1638.

The Fourth Circuit writing after the last cited Supreme Court decision held that a service establishment was one which, like a retail establishment, sells services to the ultimate consumer. Guess v. Montague, 4 Cir., 1943, 140 F.2d 500.

The contrary view, with express reference to laundries, was taken by the Sixth Circuit in Lonas v. National Linen Service Corporation, 6 Cir., 1943, 136 F.2d 433, 434. That court saw no ambiguity in the expression "service establishment" and it found no support for the suggestion that the word "retail" applied to service establishments. It contented itself with the comment: "Linen supply companies and laundries have long been regarded and classified as local service enterprises by Federal Departments and Agencies, as well as by trade associations and the public." A petition for a writ of certiorari has been denied. However, not much of an inference can be drawn from that. United States v. Carver, 1923, 260 U.S. 482, 490, 43 S.Ct. 181, 67 L.Ed. 361. Atlantic Coast Line Railroad Co. v. Powe, 1931, 283 U.S. 401, 403, 51 S.Ct. 498, 75 L.Ed. 1142.

In the midst of such conflict, a District Judge can do no more than follow the logic of his own preference. I do not think the word "service establishment" is free from ambiguity, and since it requires construction I shall follow the suggestion of the Second Circuit. I conclude, therefore, that the plaintiffs are not exempt from the provisions of § 7 of the Act, as employees of a service establishment, the greater part of whose servicing is in intrastate commerce.