McCREA v. JACKSON, Warden.

No. 9869.

Circuit Court of Appeals, Sixth Circuit.

April 4, 1945.

194

Walter M. Nelson, of Detroit, Mich., for appellant.

Edmund E. Shepherd, of Lansing, Mich. (Herbert J. Rushton, of Escanaba, Mich., Edmund E. Shepherd, of Lansing, Mich., Ben H. Cole, of Detroit, Mich., and Daniel J. O'Hara, of Lansing, Mich., on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

In this habeas corpus proceeding, the appellant Duncan C. McCrea, former prose-cuting attorney of Wayne County, Michigan, was convicted in the state court on an information charging a conspiracy to obstruct justice. The judgment of conviction and sentence was affirmed by the Supreme Court of Michigan. People v. McCrea, 303 Mich. 213, 6 N.W.2d 489. His application for a writ of certiorari to that court was denied by the Supreme Court of the United States. 318 U.S. 783, 63 S.Ct. 851, 87 L.Ed. 1150. Following this denial, McCrea applied to the United States District Court for the Eastern District of Michigan for a writ of habeas corpus. The district court entered and caused to be served an order directed to the appellee, warden of the Michigan State Prison, to show cause why McCrea should not be forthwith discharged from custody and imprisonment. The appellee warden answered, and incorporated in his answer a motion to dismiss the habeas corpus petition.

In substance, this motion to dismiss was grounded upon averments that no material issue of fact is presented by the petition; and that, as a matter of law, no cause for granting the writ of habeas corpus exists. The appellee, through the Attorney General of Michigan, who in his official capacity has represented the warden throughout these proceedings, filed objections in writing to the issuance of the writs of habeas corpus and habeas corpus ad testifaciendum and to a hearing on the merits, upon the ground that the pending motion to dismiss should be first heard and disposed of.

The district judge ordered the prisoner to be transported to the Wayne County Jail, for accessibility and for conferences with his counsel. The record discloses that no testimony was received in the proceedings before the district judge; but that he heard argument of counsel, and in an extended colloquy sought to ascertain whether any ground was presented by the petition which necessitated the reception of evidence. Ten days following the court proceedings, the district judge filed an opinion, in which he stated that he had examined the pleadings, heard the arguments, read the authorities cited, and had found it unnecessary to hear testimony, inasmuch as the issues which would ordinarily require testimony "are covered by admissions either made by respondent's pleadings or in open court."

The district court declared that "practically" all the questions involved had been

passed upon by the state Supreme Court and certiorari therefrom denied by the Supreme Court of the United States; and that any questions not previously raised were waived by the failure to present them on the appeal to the state Supreme Court or in the petition for certiorari addressed to the Supreme Court of the United States. The court asserted that the appellant has not exhausted all remedies in the state court for the reason that, under the law of Michigan, he may still be heard on an application for leave to file a delayed motion for a new trial. The opinion was expressed that it would be presumptuous for the district court to grant a writ of habeas corpus "in view of the fact that the matter was before the Supreme Court of the United States and could have been heard by it if that court had believed that there was merit to petitioner's contention."

The opinion of the district judge concluded: "In view of the admitted facts this, though to some extent still a matter of discretion, is not one of those 'rare cases where exceptional circumstances of peculiar urgency are shown to exist.' United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. We believe further that federal courts are not for trials de novo. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729; Long v. Benson, 6 Cir., 140 F.2d 195; Craig v. Hecht, 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 293."

An order, dismissing the petition for writ of habeas corpus for the reasons stated in the opinion, was thereupon entered in the district court; and the present appeal is from that order.

Were there no other ground for denial of the petition for the writ of habeas corpus than that "practically" all of the questions involved had been passed upon by the state Supreme Court in affirming petitioner's conviction and sentence, with ensuant denial of certiorari by the Supreme Court of the United States, this court would feel constrained to reverse.

■■■■ It is true, of course, that a habeas corpus petition cannot be employed as a substitute for a writ of error. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. See also the three cases last cited in the opinion of the district court, supra. It is also true that "while it is the usual procedure on an application for a writ of habeas corpus in the federal courts for the court to issue the writ and on the return to hear and dispose of the case, it may without issuing the writ consider and determine whether the facts alleged by the petition, if proved, would warrant discharge of the prisoner." Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 1, 2, 9, 87 L.Ed. 3. But, in Walker v. Johnston, 312 U.S. 275, 285, 61 S.Ct. 574, 579, 85 L.Ed. 830, the Supreme Court declared that if an issue of fact is presented, the only permissible procedure is for the judge to issue the writ, have the petitioner produced, and hold a hearing at which evidence is received. Nothing less is deemed to satisfy the command of the statute that the judge shall proceed "to determine the facts of the case, by hearing the testimony and arguments."

In Holiday v. Johnston, 313 U.S. 342, 350, 351, 352, 354, 550, 61 S.Ct. 1015, 1018, 85 L.Ed. 1392, it was said that a petition for habeas corpus ought not to be scrutinized with technical nicety; that no departure from the plain mandate of the statute can be sanctioned; and that the court has "recently emphasized the broad and liberal policy adopted by Congress respecting the office and use of the writ of habeas corpus in the interest of the protection of individual freedom to the end that the very truth and substance of the cause of a person's detention may be disclosed and justice be done." It was pointed out that Congress has seen fit to lodge in the judge the duty of investigation; that the petitioner must be afforded the right plainly accorded him by the statute of testifying before the judge; that neither the hearing of the testimony of the witnesses nor the weighing and appraising thereof may be delegated to a master; but that the judge personally must perform this function, find the facts and base his disposition of the cause upon his findings. Upon these principles, the discharge of the writ of habeas corpus was reversed and the cause remanded for a determination of the issues of fact upon a further hearing.

■■■■ The rule declared in United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138, that the due and orderly administration of justice in a state court is not to be interfered with by the issuance of a writ of habeas corpus by a federal court "save in rare cases where exceptional circumstances of pe-

culiar urgency are shown to exist," has supplied the basis for frequent denials of the writ, in cases too numerous to require citation. But the Supreme Court has recently declared that the often quoted statement was made in a case in which the petitioner had not exhausted his state remedies, and "is inapplicable to one in which the petitioner has exhausted his state remedies, and in which he makes a substantial showing of a denial of federal right." Ex parte Hawk, 321 U.S. 114, 117, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572.

It would seem to be settled law that when a material issue of fact is presented by habeas corpus petition, even though the allegations of the petition may tax credulity, the prisoner must be produced and given a hearing by the court, where the facts alleged are dehors the record, were not open to consideration and review on appeal, and constitute a charge that the accused has been convicted in disregard of his constitutional rights. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. Compare United States v. Uhl, 2 Cir., 137 F.2d 858, 860; Id., 2 Cir., 137 F.2d 898, 900; Ex parte Rosier, 76 App.D.C. 214, 133 F.2d 316; Lewis v. King, Warden, 8 Cir., 133 F.2d 195; O'Keith v. Johnston, Warden, 9 Cir., 122 F.2d 554, 555.

In his carefully prepared petition for a writ of habeas corpus, which employs language in conformity with the statutes, appellant avers that he is unlawfully confined in the Michigan state prison pursuant to his illegal conviction and sentence in the state court, in violation of his rights under the constitution and laws of the United States; and that his imprisonment is illegal and in violation of his federal constitutional rights, for the reason that he was not imprisoned and committed by virtue of any valid process, judgment, decree, or execution issued by any court of the State of Michigan or of the United States. In twenty-two lettered paragraphs, he lists certain alleged material facts and proceedings which led to his asserted illegal imprisonment.

These specifications embrace charges of violation of due process in proceedings before a circuit judge of Wayne County, who instituted the prosecution by the issuance of a warrant; conducted the preliminary examination; determined, as a one-man grand jury under Michigan law, Act No. 175, Chapt. VII, Pub. Acts 1927, 3 Comp.

Laws 1929, § 17215 et seq., Stat.Ann. § 28.941 et seq., that there was probable cause to hold the petitioner for trial; and "was interested and saw to it that petitioner should be convicted, and it kept its watch in said trial court during the entire trial, and when the case was given to said trial jury for deliberation, said grand jury through its agents, communicated with said trial jury after it retired for deliberation"; and "through its agents delivered material to said trial jury without the knowledge of said trial court or counsel, which material so sent by said grand jury to said jury room neither counsel nor said trial court had examined."

The specifications charge further that the witnesses introduced by the People at the trial in the state court were the same witnesses who testified before the one-man grand jury, and that their testimony before that official was illegally obtained by coercion, duress, threats and violence; that the prosecuting attorney carefully maneuvered his witnesses with intimations that they would be charged with perjury, unless their testimony was the same as that given by them before the grand jury; and that the prosecutor knew that the testimony given by these witnesses had been illegally obtained. The charge is made that the trial judge was biased and made highly prejudicial rulings against appellant and plainly and openly intimated to the jury that appellant would be found guilty; and that petitioner had been railroaded to jail as the result of the biased rulings of the trial judge, the influence of the one-man grand jury upon the trial jury, and the admission of testimony illegally obtained by him from the various witnesses.

Many of the charges laid in the petition for habeas corpus were presented, considered and rejected on appeal to the Supreme Court of Michigan by McCrea, from his conviction in the state trial court. In an interesting, illuminative, comprehensive and scholarly seventy-three page unanimous opinion, the Supreme Court of Michigan, speaking through Mr. Justice Starr, after careful study of the voluminous record and able briefs, found no error in the proceedings below which resulted in a miscarriage of justice. The judgment was therefore affirmed. People v. McCrea, 303 Mich. 213-286, 6 N.W.2d 489.

It should be observed that the State Supreme Court upheld the official actions of Circuit Judge Ferguson, as revealed by the

record, before that tribunal, and stated that its attention had not been directed to any act or conduct on his part, while conducting the preliminary examination, from which prejudice or bias could be inferred. Nor was any misconduct upon the part of the prosecuting attorney, or bias upon the part of the trial judge, disclosed in the record. The Supreme Court of Michigan stated that "the trial court commendably handled the rather unfortunate situation relating to the three volumes of testimony being sent into the jury room."

While it is true that many of the charges laid in the petition to the United States District Court for a writ of habeas corpus were presented by McCrea on his appeal to the Supreme Court of Michigan, it does not appear that all issues raised by the petition were embraced in McCrea's appeal. Indeed, the district judge found only that "practically" all questions presented to him had been passed upon by the State Supreme Court. The charge that the testimony against appellant had been illegally obtained by duress, coercion and threats of violence was sufficient to require a hearing by the district judge of testimony tendered by the petitioner in support of these charges, had there been no other ground for the dismissal of the petition. Waley v. Johnston, supra; Walker v. Johnston, supra; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. This is not to say that the evidence to be received would be limited to that issue alone. The district judge would be required to receive, hear, and consider such testimony offered by the petitioner as would enable the court to determine justly and according to law whether the petitioner had carried his burden of proof in showing his right to a discharge.

▇▇▇ We cannot accept as valid the argument of appellee that the denial by the Supreme Court of the United States of the petition for certiorari constitutes res judicata against the petitioner of all questions presented by that petition. The Supreme Court has said that "the denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times." United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361; Atlantic Coast Line R. Co. v. Powe, 283 U.S. 401, 403, 404, 51 S. Ct. 498, 75 L.Ed. 1142; W. P. Brown & Sons Lumber Co. v. Louisville & N. R. Co., 6 Cir., 82 F.2d 94, 96.

▇▇ In view of the ultimate disposition which we have concluded must be made of this case, we are not constrained at this time and upon the present state of the record to decide whether, as contended by the appellee upon the authority of Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731, the failure of McCrea to raise certain of the constitutional questions which he now presents at the time of his trial, on appeal to the highest court of the state, and on petition to the Supreme Court for certiorari, constitutes a waiver of these constitutional questions. The voluntary waiver of a constitutional right, where a man's personal liberty is concerned, is not to be lightly assumed. The defendant in a criminal case cannot deliberately withhold defenses which he might make on the trial and use them as a basis for habeas corpus proceedings to attack the judgment after trial and verdict of guilty. Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L. Ed. 1147. But we are here concerned with the exceptional case, where the petitioner asserts that his conviction has been obtained by the employment by state officials of fraud, duress, coercion, and threats of violence in utter disregard of his constitutional rights, and that the writ of habeas corpus is his only available means for obtaining redress.

▇▇ We think that appellant's petition should be dismissed without prejudice, however, upon the well established ground that an application for habeas corpus, addressed to a federal court by a person detained under a state court judgment of conviction for crime, will be entertained only after the petitioner has exhausted all remedies available to him in the state courts. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. Innumerable cases in support of this settled rule could be cited.

▇▇ Under Michigan law, appellant may still apply to the trial court for leave to file a delayed motion for a new trial, on the grounds which he now presents. See People v. Burnstein, 261 Mich. 534, 542, 543, 246 N.W. 217; Nichols v. Houghton Circuit Judge, 185 Mich. 654, 152 N.

W. 482, Ann.Cas.1917D, 100. Upon these authorities, a state circuit judge without limitation of time has the power on a proper showing to order a new trial in a criminal case. The mere fact that the granting of a dilatory motion for a new trial rests in the discretion of the trial judge does not gainsay the proposition that appellant has not exhausted remedies under state law, unless and until he invokes the exercise of that judicial discretion.

We do not indicate that appellant has no other available state remedies, including application for habeas corpus addressed to a Michigan court. The Constitution of that state provides in Article II, Section 11, that "the privilege of the writ of habeas corpus shall not be suspended unless in case of rebellion or invasion the public safety may require it." We have pointed merely to one prescribed remedy which appellant has not yet invoked in the state court.

For the reasons herein stated, the order of the district court denying the petition for a writ of habeas corpus is affirmed, without prejudice to recourse by appellant to any state judicial remedy which yet remains open to him.