**UNITED STATES v. THE SAN LEONARDO.**

**SAME v. THE VILLARPEROSA.**

**Nos. 567, 568.**

District Court, E. D. New York.

May 21, 1947.

James D. Hill, of Washington, D. C., for petitioner, Tom C. Clark, Atty. Gen., as successor to Alien Property Custodian.

J. Vincent Keogh, of New York City, U. S. Atty., resident proctor.

Loomis & Williams, of New York City (Homer L. Loomis, of New York City, of counsel), for claimants.

GALSTON, District Judge.

In each of these libels the Government has moved for an order directing the substitution of the petitioner, Tom C. Clark, Attorney General, as successor to the Alien Property Custodian, and also in substitution of the Societa Commerciale di Navigazione, as claimant of the vessel Villarperosa, in the one libel, M–568; and in substitution of Compania Ligure Di Navigazione S. A., as the claimant of the libeled vessel San Leonardo, in M–567. Moreover, the petitioner seeks a decree that the claim of these companies and the respective vessels is without any right, title or interest; and the vesting of the right, title and interest to said respective vessels is in the petitioner; and ordering the withdrawal of an order of this court dated December 3, 1942 in each case.

The orders sought to be vacated or withdrawn were the orders of the late Judge Campbell of this court. Motions had been made in each case on the petition of the Alien Property Custodian for forfeiture of the vessels and for the right to substitute the Alien Property Custodian for the claimant. It was held by Judge Campbell that interests which alien enemies had in vessels at the time of their seizure passed to the Alien Property Custodian for the benefit of the United States, but that the Custodian could not take any greater interest than the aliens had; but he went on to say that an alien enemy when assailed in court with respect to his personal property, has the right to defend, even though he might not have the right originally to sue or litigate as plaintiff. He also observed that the statutory permission to defend any suit in equity or action at law includes admiralty suits in rem.

In consequence the petition of the Alien Property Custodian was granted, "only to the extent that he be allowed to intervene, and become a party in each of the above entitled actions, with the right to file such claims, pleadings, motions or exceptions * * * with the full right to take and hold the said vessels * * * but not to be substituted as claimant in each of said actions to the exclusion of the present claims." See United States v. The San Leonardo, etc., D.C., 51 F.Supp. 107.

It is quite clear that what in effect the petitioner is now seeking is a review of Judge Campbell's orders, or a re-argument of the motions made before him.

The Circuit Court of Appeals for the Second Circuit has repeatedly said that a judge of co-ordinate power in the same court must accept as the law of the case the orders of an associate unless different facts are presented in the subsequent proceedings. In Commercial Union of America, Inc. v. Anglo South American Bank, Ltd., 2 Cir., 10 F.2d 937, 941, a case frequently cited in this circuit, Judge Rogers said: "Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other."

In Re Hines, 2 Cir., 88 F.2d 423, 425, Judge Swan wrote on the same subject: "It is well established that a judge may not overrule the decision of another judge

of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction."

Later, in Potts v. Village of Haverstraw, 2 Cir., 93 F.2d 506, 509, Judge Learned Hand made this comment: "It is of course essential to any orderly conduct of an action or suit, that, at least unless upon the most extreme provocation, a second judge shall not vacate any order of an earlier judge." See also Munro v. Post, 2 Cir., 102 F.2d 686.

Nor is the obligation of the second judge different because of the death of the judge who made the order that is sought to be withdrawn, vacated or re-argued. (In passing it must be noted that the argument made by counsel as to what he regards as the highest public policy, which I quote in a footnote,* is without relevance or professional dignity.)

The petitioner strongly urges that in United States v. The Antoinetta, 153 F.2d 138, the Third Circuit reached a different conclusion, in 1945, from that of Judge Campbell, and that the Supreme Court denied application for a writ of certiorari. 328 U.S. 863, 66 S.Ct. 1368, 90 L.Ed. 1633. With great respect, however, for the views expressed in that decision, I cannot reach the conclusion because of it, that it would be proper to overrule Judge Campbell.

Nor should the fact that certiorari was denied by the Supreme Court be regarded as an affirmance of the Third Circuit decision. In Atlantic Coast Line R. Co. v. Powe, 283 U.S. 401, 51 S.Ct. 498, 499, 75 L.Ed. 1142, Mr. Justice Holmes observed: "The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times."

The petition to permit the Attorney General to be substituted for the Alien Property Custodian is granted, but in all other respects the application is denied. Settle orders on notice.

---

* "Moreover, were other considerations wanting, the highest public policy would dictate the same result. To hold that the demise of the first District Judge would constitute the one event in which another District Judge might review and overrule his decision would be to invite an attack upon the former's life from disgruntled and criminally disposed litigants, smarting under an adverse decision sustained at his hands. No vivid imagination is required to picture what an Al Capone or a John Dillinger might do in such a situation. An enlightened public policy, obviously, must seek to avoid holding out to the lawless part of society such a strong inducement to do away with our incorruptible jurists."