**SUTHERLAND PAPER CO. v. GRANT PAPER BOX CO., et al.**

Civ. A. No. 6013.

United States District Court

W. D. Pennsylvania.

Oct. 11, 1949.

Pennie, Edmonds, Morton & Barrows by Raymond F. Adams, Curt Von Boetticher, Jr. and H. Stanley Mansfield, all of New York City and Mahlon E. Lewis, of Pittsburgh, for plaintiff.

William H. Parmelée, Eiffel B. Gale, and L. Clyde Strickland (of Christy, Parmelée & Strickland), Pittsburgh, for defendants.

McVICAR, District Judge.

This action is before the Court on defendants' motion under Rule 59, Federal Rules of Civil Procedure, 28 U.S.C.A., for a new trial or to re-open as to certain parts of the case.

This is an action for declaratory judgment under Section 274d of the Judicial Code, U.S.C.A. Title 28, § 400, now §§ 2201, 2202. The issue between the parties is the validity and infringement of U. S. Patent No. 2,031,036. On January 25, 1949 Judge Gibson, after hearing, filed his Findings of Fact, Conclusions of Law, Opinion and Decree. D.C., 82 F.Supp. 250. In his Conclusions of Law, Judge Gibson found, inter alia, that Claim 3 of the patent in suit was valid to the extent of the specification and that the patent was not infringed by the plaintiff. Judge Gibson retired as Judge of this court January 31, 1949.

On February 4, 1949, defendants filed the aforesaid motion under Rule 59. The reasons in support of the motion are in substance that defendants were injured in the Court's abuse of its discretion in the denial of pre-trial discovery of certain matters and in its denial of a continuance. Defendants, in their brief, state: "Specifically, the complaint is that when the Court did not grant pre-trial discovery until September 23, 1948, the Court should have granted a continuance of the trial then set for October 4, 1948, because the period of less than two weeks granted for discovery was inadequate."

In Jurgenson v. National Oil & Supply Co., et al., 63 F.2d 727, 728, the Third Cir-

cuit Court of Appeals in its opinion in a, proceeding involving the vacation of the appointment of a Receiver, stated that: "Turning to the alleged error in refusing to vacate the appointment of a receiver, the application was made to Judge Fake to vacate an appointment made by Judge Clark. It is well settled that a judge may not overrule a prior decision of another judge of the same court in the same case, and, under the authorities, the court is justified in refusing such an application."

In Re Hines et al., 88 F.2d 423, 425, the Circuit Court of Appeals for the Second Circuit stated: "But to submit the same controversy to a different district judge was wholly unwarranted. It is well established that a judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction. * * * Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges. It is equally applicable when an issue has been submitted to the first judge and has not yet been decided by him. To permit another judge to rush in and snatch decision from his mouth is not to be tolerated; it is a breach of comity which, if sanctioned, could only lead to unseemly conflicts of decision and to protracting the litigation." See also: Commercial Union of America, Inc., v. Anglo-South American Bank, Ltd., 2 Cir., 10 .F.2d 937 and U. S. v. The San Leonardo, D.C. E.D.N.Y.1947, 71 F.Supp. 852.

The motion for a new trial or to re-open should be refused for the reason that to hold otherwise would require a reversal of rulings made by Judge Gibson; also, for the further reason, that no error is found in the rulings made by Judge Gibson or any abuse of discretion; or for the reason that defendants now claim to have evidence that they did not have at that time.