702 P.2d 893
**Albert Allen BROOKS, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15282.**

Court of Appeals of Idaho.

June 28, 1985.

Review Denied Sept. 30, 1985.

Janice Kroeger, Kootenai County Deputy Public Defender, Coeur d'Alene, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, P. Mark Thompson, Deputy Attys. Gen., Boise, for respondent.

BURNETT, Judge.

Albert Allen Brooks has applied for post-conviction relief from a judgment of conviction entered upon his plea of guilty to the charge of rape. He contends that his guilty plea was not voluntary and that I.C. § 20–223, which prescribes a minimum period of confinement prior to parole eligibility, represents an unconstitutional bill of attainder. The district court summarily disposed of Brooks' application under I.C. § 19–4906. This appeal followed. We affirm.

The bill of attainder issue requires no discussion here. A similar constitutional attack upon I.C. § 20–223 recently was made and rejected by our Supreme Court in *State v. Gee*, 107 Idaho 991, 695 P.2d 376 (1985). *Gee* is dispositive.

However, the voluntariness of the guilty plea requires a deeper inquiry. Brooks pled guilty to rape as part of a negotiated arrangement in which the state agreed to recommend an indeterminate sentence not exceeding fifteen years. The court ultimately imposed a sentence corresponding to the state's recommendation. Brooks now contends that he would not have pled guilty had he known at the time that I.C. § 20–223 would require five years of a fifteen-year sentence to be served in confinement prior to parole eligibility. He av-

ers that his attorney (an individual different from counsel currently representing him) told him the state's recommended sentence would result in confinement of "two or three years." The state has not disputed these factual allegations.

■ The question, then, is whether such facts—presuming them to be true—entitle Brooks to the relief he seeks. Where, as here, a convicted and sentenced defendant seeks to set aside a guilty plea, relief is available to remedy a manifest injustice. *Russell v. State,* 105 Idaho 497, 670 P.2d 904 (Ct.App.1983). The test of manifest injustice must be viewed in light of the bedrock principle that a guilty plea is valid when entered knowingly, intelligently and voluntarily. *E.g., Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976).

■ In our view, no right to relief is established by counsel's assessment of probable confinement. That assessment was predicated upon the imposition of a fifteen-year indeterminate sentence. As we noted in *State v. Rossi,* 105 Idaho 681, 672 P.2d 249 (Ct.App.1983), a defendant has no cognizable expectancy of receiving a sentence conforming to the prosecutor's recommendation. Judges in Idaho are at liberty to make their own independent determinations concerning appropriate sentences. Here, Brooks was informed that the state's recommendation would not be binding upon the court. Brooks also was apprised that the statutorily prescribed maximum penalty for rape was life imprisonment. Accordingly, even if Brooks believed that the recommended fifteen-year sentence would equate to "two or three years" of confinement, he also knew that the judge's sentence might be longer. His plea was entered with full knowledge that the sentence and the duration of confinement were uncertain. Consequently, the attorney's mistaken characterization of the effect of a fifteen-year sentence did not affect the voluntariness of the plea.

Our next inquiry is whether the plea was involuntary because the district court did not advise Brooks that I.C. § 20–223 would require him to serve one-third of *any* indeterminate sentence—or five years, whichever is less—before becoming eligible for parole. This question focuses upon the constitutional guaranty of due process and upon rules of criminal procedure.

In Idaho, as in the federal system, rules governing the acceptance of guilty pleas have followed the evolution of constitutional doctrine. In 1946, Rule 11 of the Federal Rules of Criminal Procedure provided simply that a court should accept a plea of guilty upon determining that it was made with "understanding of the nature of the charge." In 1966 the rule was expanded to require an understanding not only of the charge but also of "the consequences of the plea." Similarly, in 1972, our Supreme Court adopted Rule 11, Idaho Rules of Criminal Practice and Procedure, requiring the trial judge to determine that the plea was made with an understanding of "the consequences." Each of these rules adhered to a constitutional mandate, expressed in case law, that the plea be entered with "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. at 244, 89 S.Ct. at 1712.

■ In 1975, federal Rule 11 was further amended to require that a defendant understand "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." On December 27, 1979, the Idaho Supreme Court adopted the Idaho Criminal Rules, effective July 1, 1980, including a new Rule 11 closely resembling its most recently amended federal counterpart. These rules have imparted a specific meaning to the "consequences" of a plea. The consequences are defined in terms of maximum and mandatory minimum sentences. Restrictions upon parole eligibility are not included among the enumerated "consequences."

The omission of parole limitations was intentional. A note appended to the new

858

federal rule by the Advisory Committee on Criminal Rules expressed the view that advice concerning parole eligibility is not constitutionally required. The new rule was drafted to avoid imposing such a requirement. The United States Supreme Court approved the proposed rule. *See generally* 1 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 173 (1982) (herein cited as WRIGHT). Accordingly, modern cases generally hold that informing a defendant of parole consequences may be desirable but is not a constitutional prerequisite to accepting a guilty plea. *E.g., Hunter v. Fogg*, 616 F.2d 55 (2d Cir.1980); *Morgan v. State*, 582 P.2d 1017 (Alaska 1978). *See also State v. Vasquez*, 107 Idaho 1052, 695 P.2d 437 (Ct.App. 1985).

 Consequently, our inquiry is narrowed to the application of an Idaho rule of criminal procedure. Brooks entered his plea on July 12, 1979. The validity of his plea must be tested according to the standard existing at the time. *See State v. Alldredge*, 96 Idaho 7, 523 P.2d 824 (1974). The applicable rule is Rule 11, Idaho Rules of Criminal Practice and Procedure, adopted in 1972, which refers broadly to "consequences." When the federal counterpart to this rule was extant, the federal circuits, with near unanimity, viewed parole ineligibility as a material "consequence" of a guilty plea. The courts held that a defendant must be informed of any such ineligibility prior to entering a plea. *See cases cited in* WRIGHT, *supra*, at 607–08. However, virtually all of these decisions concerned narcotics offenders who were barred, under a short-lived federal statute, from being released on parole at any time while serving their sentences. 26 U.S.C. § 7237(d). The general statute was repealed in 1971 and the general parole statute, 18 U.S.C. § 4202, was reinstated for all classes of offenders. The general statute allowed prisoners to become eligible for parole after serving one-third of their sentences. *See generally Warden v. Marrero*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974). Our research has disclosed no line of federal authority, and we have been cited no cases, holding that a guilty plea would be invalid unless the defendant were advised that he must serve one-third of his sentence in confinement under the general parole statute.

 We find the federal experience to be instructive for our analysis of I.C. § 20–223. The Idaho statute, like the general federal parole statute, does not entirely bar parole. It requires that one-third of any indeterminate sentence for certain types of crimes, including the offense of rape, be served in confinement. This requirement does not so profoundly alter the general pattern of confinement under indeterminate sentences as to warrant separate elucidation as a "consequence" of a guilty plea. Indeed, for the purpose of appellate sentence review, we ordinarily treat one-third of an indeterminate sentence as the approximate measure of confinement, regardless of whether the crime is one governed by I.C. § 20–223. *State v. Jenkins*, 105 Idaho 166, 667 P.2d 269 (Ct.App.1983); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Accordingly, we hold that Rule 11, Idaho Rules of Criminal Practice and Procedure, when in effect, did not include parole eligibility under I.C. § 20–223 among the "consequences" to be discussed on the record before accepting a guilty plea.

 We conclude that the trial court in this case was not constitutionally required, nor mandated by rule, to inform Brooks of the parole implications of I.C. § 20–223 when accepting his plea. The plea was voluntarily made and appropriately entered. No manifest injustice has been shown. The decision of the district court in the post-conviction proceedings, denying the application for relief, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.