766 P.2d 785

**Lee Mazur HAYS, Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

**No. 17438.**

Supreme Court of Idaho.

Dec. 21, 1988.

Churchill & Vander Boegh, Boise, for plaintiff-appellant. Lance P. Churchill argued.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen. (argued), Boise, for defendant-respondent.

JOHNSON, Justice.

This case was appealed from the trial court's order granting summary dismissal of the petition for post-conviction relief of Hays. We assigned the case to the Court of Appeals, which issued an opinion affirming in part, vacating in part, and remanding the case to the trial court. *Hays v. State,* 113 Idaho 736, 747 P.2d 758 (1987). We granted review of the decision of the Court of Appeals. We note that neither Hays nor the State has asked us to review part II (PSYCHOLOGICAL TREATMENT) of the opinion of the Court of Appeals. Therefore, we have restricted our review to part I (JURISDICTION), part III (ASSISTANCE OF COUNSEL), and part IV (SENTENCE DISPROPORTIONAL).

We have reviewed and considered the briefs, the record, the transcript, the exhibits, and the opinion of the Court of Appeals. We have also listened to and considered the oral arguments of the parties that were presented to us. Based on this review and consideration, we concur with the decision of the Court of Appeals. With regard to part III (ASSISTANCE OF COUNSEL) we offer some clarification of our reason for agreeing with the Court of Appeals.

### ASSISTANCE OF COUNSEL

In its opinion the Court of Appeals concluded that Hays did not have ineffective assistance of counsel because of the asserted failure of his counsel to inform Hays prior to his guilty plea of the minimum time provisions for parole eligibility under I.C. § 20–223 (1985). As it existed at the time of the plea, this section required:

that no person serving a life sentence or serving a term of thirty (30) or more years shall be eligible for release on parole until he has served at least ten (10) years and no person serving a lesser sentence for ... committing a lewd act upon a child ... shall be eligible for release on parole until said person has served a period of five (5) years or one-third (⅓) of the sentence, whichever is the least.

*Id.*

In support of its conclusion on this issue the Court of Appeals cited its decision in *Brooks v. State,* 108 Idaho 855, 702 P.2d 893 (Ct.App.1985) *rev. den.* (1985). From the record and briefs in *Brooks* we note that the issue of ineffective assistance of counsel in connection with a plea of guilty was raised there also. In *Brooks* the Court of Appeals considered the allegation that counsel for Brooks failed to inform him correctly of the effect of I.C. § 20–223 on the minimum period of confinement required prior to his eligibility for parole. 108 Idaho at 856, 702 P.2d at 894.

Because we denied review in *Brooks,* that case became controlling precedent in this state with regard to any new principles of law announced there. *See Nash v. Overholser,* 114 Idaho 461, 757 P.2d 1180, 1182–83 (1988) (Johnson, J. specially concurring, joined by Bistline and Huntley, JJ.). In *Brooks* the Court of Appeals decided that the failure of counsel to inform an accused of the effect of I.C. § 20–223 on the minimum period of confinement before eligibility for parole did not constitute ineffective assistance of counsel that would affect the voluntariness of the plea. 108 Idaho at 857, 702 P.2d at 895. The Court of Appeals correctly applied that precedent in this case.

### CONCLUSION

We conclude, as did the Court of Appeals, that the order of the trial court is affirmed except as to the adequacy of psychiatric treatment for Hays. As to this issue, the trial court's order is vacated, and the case is remanded to the trial court for further proceedings consistent with the opinion of the Court of Appeals.

BISTLINE and HUNTLEY, JJ., concur.

BAKES, J., concurs in result.

SHEPARD, Chief Justice, concurring and dissenting.

I concur in the result reached by the majority. However, I disagree and dissent from that portion of the majority opinion which holds that denial of review of a decision of the Court of Appeals establishes the decision of the Court of Appeals as controlling precedent. A review of a decision of the Court of Appeals is not a matter of right, but of judicial discretion. It should be granted only when there are special and important reasons therefore. I.A.R. 118. The denial of a writ of certiorari by the United States Supreme Court imparts no expression or opinion on the merits of the case. *Bailway Express Agency v. Commonwealth of Virginia,* 347 U.S. 359, 74 S.Ct. 558, 98 L.Ed. 757 (1954); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); *Atlantic Coastline R.R. Co. v. Powe,* 283 U.S. 401, 51 S.Ct. 498, 75 L.Ed. 1142 (1931); *Rathke v. Griffith,* 36 Wash. 2d 394, 218 P.2d 757 (1950). Likewise, I would hold that no precedent is established when this Court denies a petition for review of a decision of the Court of Appeals.

BAKES, Justice, dissenting in part:

I concur in Chief Justice Shepard's dissent "from that portion of the majority opinion which holds that denial of review of a decision of the Court of Appeals establishes the decision of the Court of Appeals as controlling precedent." *Ante* at 317, 766 P.2d at 787. This Court has never, to my knowledge, decided a substantive issue of law based solely upon the presentations of one side of the case, and then without oral argument. However, that is precisely what will now occur in view of the majority's adopting the position that a denial of a petition for review of a decision of the Court of Appeals constitutes an acceptance of the law of that decision as controlling precedent of this Court.

Any party aggrieved by an opinion of the Court of Appeals may file a petition for review of that opinion by this Court. I.A.R. 118. The petition must be supported by a brief (to be filed within fourteen days thereafter). Ordinarily there is no responsive brief filed, nor have we granted oral argument before ruling upon whether or not to allow the petition for review. I.A.R. 118.

I believe it is an incorrect practice to hold that the denial of a review of a decision of the Court of Appeals based solely upon a presentation from one side, and then without the benefit of oral argument and conferencing, establishes a controlling precedent of this Court. Certainly there is nothing in I.A.R. 118 which requires, or even permits that result. No citation of authority is given for the action today, and it certainly runs contrary to the practice in the Supreme Court of the United States and other states, as set out in Chief Justice Shepard's dissenting opinion. This Court does not have a summary disposition calendar, much less one which disposes of cases based upon briefs from only one side. The Court's decision today will constitute a strong incentive for members of this Court to automatically vote to grant a petition for review in every case in order to prevent the precedent of this Court from being created by default.