LONGEST *v.* LANGFORD ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 342.. Motion to dismiss submitted May 16, 1927.—Dismissed and certiorari granted May 31, 1927.

1. A case from a state court involving only a question of the construction and applicability, but not the validity, of acts of Congress, is not reviewable by writ of error under Jud. Code, § 237 (a), but by certiorari under § 237 (b). ·P. 500.
2. A failure to observe this distinction may subject the party suing out the writ to damages and double costs, under Rev. Stats. § 1010; Jud. Code 237 (c). P. 500.
3. The papers on which a writ of error was improvidently allowed by a chief justice of a state supreme court may, under Jud. Code, § 237 (c), be treated as a petition for certiorari, and as if presented · to this Court at the time when they were presented to him. P. 501.
Writ of error to 114 Okla. 50, dismissed.
Certiorari granted.

The facts are set out in the opinion.

*Messrs. W. F. Semple, S. Russell Bowen, Guy Green,* and *Robert R. Pruet* for appellees, in support of the motion.

*Messrs. H. A. Ledbetter* and *H. E. Ledbetter* for appellants, in opposition thereto.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

We here are asked to review a judgment of the Supreme Court of Oklahoma rendered after the Act of February 13, 1925, c. 229, 43 Stat. 936, amending the Judicial Code, became effective. An allotment made in the name and right of a deceased Choctaw Indian woman under § 22 of the Act of July 1, 1902, c. 1362, 32 Stat. 641, is involved. The only federal question in the case is whether

Congress intended by that section and other related congressional enactments that the surviving husband of the deceased should take an estate by the curtesy in the land. This question was resolved by the Supreme Court of the State in favor of the husband; and at the instance of the opposing party the chief justice of that court allowed a writ of error bringing the judgment here for review. The writ obviously was improvidently allowed. Section 237(a) of the Judicial Code restricts the cases in which we may review a judgment or decree of a state court on writ of error to those " where is drawn in question the validity of a treaty or statute of the United States, and the decision is against its validity; or where is drawn in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of its validity." This case does not involve any such constitutional question, but only a question of the construction and application of congressional enactments concededly valid. It therefore falls within the class where a review in this Court may be had only on petition for certiorari under § 237(b) of the Judicial Code. The distinction is important, has a real purpose and should be given effect by all who are invested with authority to allow writs of error running from this Court to a state court. A failure to observe it may subject the party suing out the writ to damages and double costs (Rev. Stats., § 1010; Judicial Code, § 237(c)) and result in harmful embarrassment to the other party. Of course where the writ is improvidently allowed the other party may move in this Court to dismiss it. But in actual practice this does not operate as an adequate corrective; for the action of the judge in allowing the writ usually is assumed to be advisedly taken. In the present case the fact that the allowance was improvident escaped the notice of the parties for a full year.

While we cannot take jurisdiction on the writ of error so improvidently allowed, we can, under § 237(c) of the Judicial Code, treat the papers whereon the writ was allowed as a petition for certiorari and as if presented to this Court at the time they were presented to the judge who allowed the writ. The papers have been examined under that section; and we are of opinion that, treating them as a petition for certiorari, they disclose a case and situation in which the petition should be granted.

> *Writ of error as such dismissed, but as petition for certiorari granted.*