L. KNABB, also Known as LUCIUS KNABB, v. JOSEPH A. DUNER, et al.

192 So. 182
Division A
Opinion Filed November 14, 1939

484

*H. L. Anderson,* for Petitioner;

*Stockton, Ulmer & Murchison* and *Hutchinson I. Cone, Jr.,* for Respondent.

PER CURIAM.—In October, 1938, Reconstruction Finance Corporation brought a common-law action against L. Knabb to recover on three promissory notes executed by him. Knabb filed his appearance at the December rules but failed to plead at January rules, judgment by default was entered against him. He then moved to vacate the judgment by default offering to go to trial at the same time. The motion to vacate was granted and the cause was set for trial in June, 1939. A few days before the trial date, Knabb made application to the circuit court to enjoin further prosecution of the common-law action. This application was denied and no appeal was taken therefrom. The common-law action was then tried resulting in a judgment against Knabb. He moved for a new trial and renewed his application for restraining order to enjoin further prosecution of the common-law action. His application was again denied and that judgment is here for review by certiorari as provided by Rule 34 of the Rules of this Court.

The record and the briefs have been examined and we have reached the conclusion that the judgment below should be affirmed. It may be that the cause is one in which the law and equity courts had concurrent jurisdiction but it is shown that the law court first acquired jurisdiction of the

subject matter and the parties and that it is fully competent to adjudicate the controversy.

Even if the cause is one in which common law and equity courts have concurrent jurisdiction, this does not imply that a party to it may litigate in both forums. The very purpose of Rule 34 was to provide a means whereby interlocutory appeals could be dispatched and the litigation hastened. Opinions on such appeals will not be written unless essential to settle the law of the case or to aid the circuit court in further consideration of the case.

The judgment is affirmed.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J, concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.