**EARL HUNTER v. JAMES G. TYNER, ABE BORNSTEIN and LEON ETTINGER.**

10 So. (2nd) 492                                    Division B
November 10, 1942

George P. Garrett, for appellant;
Warlow & Carpenter, for appellee.

THOMAS, J.:

The appeal was taken from a final judgment entered upon a demurrer to the third amended declaration when the appellant announced that he did not wish further to amend his pleading.

Before proceeding to a determination of such questions proposed by the appellant as we think it is proper for us to answer it may be well to give in brief the history of this litigation, prior to its introduction into

the common-law court. It had its inception when a bill of complaint was filed in chancery by the appellant against the defendant and two other persons, charging the commission of fraud by them in the sale of certain property, an option to purchase which had been executed and delivered to the appellant by the appellee, Tyner. Upon motion of the solicitor for the defendants the judge ordered the cause transferred from chancery to common law. This action was reviewed by us on petition for writ of certiorari which was denied.

Thereupon, the appellant filed a declaration, consisting of four common counts, against appellee and one other defendant. Appended to it was the notation "Bill of Particulars attached, marked Exhibit No. 1 and prayed to be taken as a part hereof." The exhibit showed one item of damages stated to have been sustained by the plaintiff because of the sale of certain property by the defendant James G. Tyner to the then additional defendant Abe Bornstein "while the said Earl Hunter [plaintiff], to the knowledge of each of said persons held an exclusive written option on said tract of property which had been given to him by James G. Tyner who was then the owner . . . ." Under Rule 16 of the common-law rules instruments therein defined must "be filed with the declaration and shall be taken and considered as a part thereof." Although the pleader did not attach the option to the declaration we think that the trial court was, in view of the notation which we have quoted, justified in considering the bill of particulars a part of the declaration. In doing so the conclusion was inescapable that the common counts presented a cause of action based on a written instrument.

The common counts are appropriate only for causes of action growing out of an implied contract and may not be employed to present a case arising from breach of a written contract, Dee v. Southern Brewing Co., 146 Fla. 588, 1 So. (2nd) 562; Hazen v. Cobb-Vaughn, 96 Fla. 151, 117 So. 853. The point in controversy does not fall within the exception recognized in the latter case. There could have been no error on the part of the trial court in sustaining the demurrer to this declaration. This disposes of the second question relative to the propriety of the court's order holding the pleading insufficient.

We revert to the first question presenting the appellant's contention that there was equity in the amended bill of complaint and charging that the court erred in transferring the cause from the chancery to the common-law court. This matter will not be considered again in this appeal because, as we have stated at the outset, the court's ruling was examined upon the application for certiorari under Rule 34 of this court and the petition was denied. That rule was adopted to expedite and simplify reviews of interlocutory orders and it has proven of great benefit in speedily determining meritorious challenges of preliminary decisions and in discouraging appeals lacking merit or brought for the purpose of delay. Incidentally, we may say that the intermediate decision in this controversy was decided on its merits. A writ of this kind being simply a method of procedure by which such appeals authorized by the statute can be brought to this court, its denial, we think, was an adjudication of the propriety of the order involved and it could not again be questioned in this appeal. See 3 Am. Jr., Appeal and Error, page 548. We make these

observations despite the doubt we entertain that, in this appeal from a judgment in the common-law court, the appellant could present any matter pertaining to the order of transfer entered in the chancery court. We are aware of the provision of Section 63.75, Florida Statutes, 1941, authorizing transfers, that the cause shall proceed in the common-law court "with only such alternation in the pleadings as shall be essential." In the present case, however, the bill of complaint was not relied upon to state the case but the plaintiff without being ordered to do so filed a declaration. We do not question this procedure, but we believe that the latter should be considered the initial pleading in the action culminating in the judgment under consideration.

The last question presented by appellant does not comply with Rule 20, wherein it is required that the questions of law to be answered in an appeal be stated concisely, clearly and not in the alternative. The following, in our opinion, does not conform to the rule: "Under the aforesaid circumstances of our case-made, were the amended and further amended declarations filed by the plaintiff against James G. Tyner, [the other defendant was eliminated from the second and third amended declaration] either or both, severally demurrable?" We find two defects in this question as framed. First, by the "circumstances of our case-made" counsel and reference to a statement of facts appearing in the brief under the title "case-made" and, inasmuch as no testimony had been taken in the case because it was disposed of on the pleadings, doubtless he gathered them from a summary of the amended bill of complaint preceding the statement in the brief. It is our view that the validity of the pleadings in the

common-law suit should be determined from the pleadings themselves and that appellant could not rely on the allegations of the bill of complaint originally filed in the chancery suit to establish the sufficiency of the declaration subsequently lodged in the common-law court.

The other deficiency in the question is its generality. To give an answer would require the court to determine whether any or all of the three declarations were "severally demurrable," which amounts to an invitation to the court to investigate the rulings of the trial judge in search of error. This is not such a clear statement of a question to be answered as is contemplated by the rule or as would warrant further discussion.

The judgment of the lower court is, therefore—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.