## W. P. HAGER v. RALPH BUTLER

22 So. (2nd) 631                              June Term 1945
June 29, 1945                                      En Banc
Rehearing denied July 25, 1945

*Alvan B. Rowe, G. B. Knowles* and *Sam Kirk,* for appellant.

*George A. Gibbs, Jane Brannon, Wallace Tervin* and *G. O. Lea,* for appellee.

ADAMS, J.:

A bill in equity was filed to vacate an order of the County Judge of Manatee County wherein it was ordered that the automobile in question be sold as abandoned property. The bill disclosed that plaintiff was the true owner of the car and same was duly registered in his name with the Motor Vehicle Department of Florida; that it was stolen and later found by a police officer, by the name of Garrison, on the streets of Bradenton. Garrison retained the car and there-

after filed a petition in the county judge's court of Manatee County alleging:

". . . That he is in possession of an abandoned motor vehicle, to-wit:

"One Green colored 1936 Model, four-door Sedan, Engine Number 18-2353782.

"That petitioner has had said motor vehicle in possession for a period of 90 days and during said period of possession he has made a diligent attempt to locate the owner of said vehicle which includes numerous broadcasts of inquiry over the Bradenton Police Department radio. That he now considers said vehicle to be abandoned and said vehicle is located in Bradenton, Manatee County, Florida.

"Wherefore petitioner prays that this Court enter its order for the sheriff of said county to take charge of said motor vehicle and dispose of same according to law."

The county judge entered an order on the petition declaring the car abandoned and directing the sheriff to sell same pursuant to law. See Chapter 705, F.S. 841, F.S.A. At the sale Garrison purchased the car and thereafter sold and delivered it to defendant Hager. The bill also charges, in substance, that Garrison knew, or could have learned by the exercise of the usual amount of diligence, that the plaintiff was the owner of the car and that it had been stolen; that instead of discharging his duty as a police officer, he in fact, concealed the car and connived to steal the same.

A motion was made to dismiss the bill but without success and an answer was filed which put the plaintiff to proof. Testimony was taken; a decree for plaintiff was entered and defendant appeals.

Several questions are submitted and argued but the only question open is the sufficiency of the evidence to sustain the decree because when the bill was challenged we reviewed the correctness of the ruling thereon by certiorari under Rule 34 and approved the action of the chancellor in his order overruling the motion to dismiss.

We have considered the evidence, read the briefs and listened to oral arguments and see no reason to disturb the decision of the chancellor in his decision on the facts.

The decree is affirmed.

CHAPMAN, C. J., TERRELL, BROWN and SEBRING, JJ., concur.

BUFORD and THOMAS, JJ., dissent.

BUFORD, J., dissenting:

I think the record shows that the automobile was sold and bought under a judgment of the county judge's court valid on its face. After the judicial sale and purchase the automobile passed into the hands, by purchase, of a third party who had the right to rely on the title which he acquired. This suit was a collateral attack on the validity of a judgment valid on its face. Neither the county judge's court nor the purchaser were parties to the decree. Right to title and possession of the personal property involved was at issue. Therefore, there was no ground for invoking equity jurisdiction. The remedy (if any under these conditions) was in law. Therefore I think the judgment should be reversed.