**TOWN OF HOWEY-IN-THE-HILLS, et al., v. GRANK GRAESSLE, et al.**

36 So. (2nd) 619                                  June Term, 1948
June 29, 1948                                      En Banc

*Carl E. Duncan, Joseph P. Lea, Jr.,* and *Bedell & Bedell,* for appellants.

*Merton S. Horrell, E. P. Hamlin, Wallace E. Davis* and *James G. Horrell,* for appellees.

BARNS, J.:

The appellees, as plaintiffs in the lower court, brought this bill in· equity, seeking an injunction against the Town of Howey-in-the-Hills and, upon final hearing on bill and answer and evidence, the Chancellor entered a final decree granting plaintiffs relief, and the defendants have now appealed the final decree.

The defendants answered, and pertinent portions of their answer are hereinafter set forth under assignment of error number one.

Two of the assignments of error of the Town of Howey-in-the-Hills and its officials, and the basic matter supporting the assignments, were as follows: [1]

*Assignment of error 1.* (R. 342) :

"The Court erred in its ruling and decision contained in its order dated February 4, 1946, recorded in Chancery Order Book 34, page 115, granting Plaintiffs' motion to strike and in striking portions of the answer of the Town of Howey-in-the-Hills and its officials set forth in Paragraphs lettered A and B, and in paragraphs E to U (both letters inclusive) of said Motion." (R. 342)

The order of Feburary 4, (R. 131, 132 refers to Motion to strike Portions of Defendants' Answer (R. 98 through 111). and the motion, in turn, refers to answer of defendants (R. 21 through 33). The stricken portions of the answer are (in part) as follows:

*Answer of Defendants, Howey et al.* (R. 21) :

(R. 21) " . . . but state that they are not advised as to whether or not said Town now contains less than 150 qualified electors.

(R. 22) Paragraph 5: " . . . but allege that such levy was under the authority of the United States District Court, Southern District of Florida, in the matter of Town of Howey-in-the-Hills, Florida, debtor, and a decree of the Circuit Court of Lake County, Florida, validating said bonds entered November 29, 1944, in Chancery Case 7807, declaring

---

[1] For appellant's counsel to present his argument by brief addressed to an assignment of errors and to the "question" (as conceived by him) and merely to advise the Court that: "This question is raised by the first and tenth assignments of error, R. ..............................." falls short of properly presenting the error vel non. It merely tells the Court where it can be found when the *Supreme Court Rule* so provides: "Specific assignments of error from which the questions argued arise should be *stated,* and if any reference to the transcript is made, the page should be given."

The subject matter of an assignment of error should be presented in the brief as completely as practical, in order that the Court might understand the pertinancy of the "question" resolved by counsel.

The "argument" of counsel should be addressed to the assignment of error, and the use and purpose of the "question" is to clarify the argument.

said Refunding to be the debt and obligation of all the lands described in the 1943 Act."

(R. 24) : "In the year 1925 under and by virtue of the Act of the Legislature hereinbefore described the Town of Howey-in-the-Hills, subsequent to a vote of the freeholders of said Town, approving the issuance of said bonds, did issue Corporate Improvement Bonds in the total par sum of $300,000.00; that pursuant to the approving vote of the freeholders approving the issuance of said bonds, the same were validated by a Decree of the Circuit Court in and for Lake County, Florida, and were further validated by an Act of the Legislature, all as hereinbefore alleged. Said bonds became in default, and in the year 1932 a refunding issue was authorized by the Town in the total number of $269,000.00, and said refunding issue was validated by a Decree of the Circuit Court in and for Lake County, Florida, as hereinbefore alleged. The said Refunding bonds issued and validated in the year 1932, because of the stress of times, became delinquent, and the Town defaulted in the payment of interest due under said bond issue; that because of said default, W. J. Meredith, et al. brought a suit in the United States District Court, Southern district of Florida, to enforce the levy and collection of taxes in the Town of Howey-in-the-Hills, for bond debt service; and in the same year Palmora Corporation brought a mandamus suit in the United States District Court, Southern District of Florida, to enforce the levy and collection of taxes for bond debt services; that in the same year James Brite brought a suit in the Circuit Court in and for Lake County, Florida, for the same purpose; that each of the Plaintiffs in said suits were the holders of refunding Bonds issued by said Town, and the result of said suits was the entry of decrees commanding the Town Tax Officials to levy and collect taxes for bond debt . . . . that said Town Officials did thereupon authorize to be issued the Refunding Bonds of 1944, which bonds have been approved by the United States District Court, Southern District of Florida, in a proceeding in the matter of the Town of Howey-in-the-Hills, Florida, debtor, Number 914, Orlando Division-Bankruptcy, for the purpose of composing its bonded debt; and said refunding

issue of 1944 was validated by a decree of the Circuit Court in and for Lake County, Florida, as hereinbefore alleged. In each of the proceedings wherein and whereby the original bond issue and refunding issues were approved and validated it does not appear that any of the Plaintiffs or anyone on their behalf, or any person whomsoever, made any protest to the issuance of said bonds or the refunding thereof, or the composition thereof. Defendants therefore allege that the Plaintiffs have delayed too long in registering this protest and this objection to the levying and collection of taxes for debt service, and the said Plaintiffs are therefore guilty of laches"

R. 28) "2. That the Plaintiff, Florida Fruit Company, acquired the property described as NE¼ of SE¼ of 22-20-25 through various conveyances from Montverde Development Corporation, which owned said property at the time of said incorporation in 1925; that said property was included in the suit entitled: 'Montverde Development Corporation v. Howey-in-the-Hills, in the Circuit Court of Lake County, Florida, being Law Case No. 2558, in which the decree of this Court entered December 10, 1928, was that said lands were neither virtually nor commensurately excluded from benefits of said municipal organization; that therefore the question raised regarding said lands is res adjudicata; that there has been no change in the situation of said lands with reference to such municipal benefits since the date of said decree.

"3. That the Plaintiff, Florida Fruit Company, acquired the property described as N. 790 Feet of the East 300 feet of the NE¼ of SE¼ of 22-20-25 from Coleman and Turville, who owned the same at the time of said incorporation in 1925; that said property was included in the suit entitled 'Montverde Development Corporation v. Howey-in-the-Hills,' in the Circuit Court of Lake County, Florida, being Law Case No. 2558, in which the decree of this court entered December 10, 1928, was that said lands were neither virtually nor commensurately excluded from benefits of said municipal organization; that therefore the question raised regarding said lands is res adjudicata; that there has been no change in the

situation of said lands with reference to such municipal benefits since the date of said Decree."

(R. 29). "That because all of said properties were subject to said bonded indebtedness in the year 1925, and have continued to remain subject thereto, said properties were acquired by said Plaintiffs with full knowledge thereof and Plaintiffs are charged with laches of their predecessors and have no right at this late date to object to the levying, assessment and collection of taxes for bond debt service."

(R. 31). "On January 3, 1944, The Crummer Company, having been granted a license or permit to sell securities in the State of Florida, submitted a new Contract in substantially the same form as that submitted on March 15, 1943. This Contract was adopted by the town by proper resolution and the Town of Howey-in-the-Hills then authorized the filing of a Petition in the United States District Court, Southern District of Florida, for the purpose of composing its bonded indebtedness in accordance with said Contract. Said proceedings were duly instituted and a Decree was issued by said Court approving the Contract and approving the composition of the town debt and bonds have now been exchanged to the extent of over 90% of all outstanding bonds.

(R. 31). "That as further evidence of the revived interest in real estate in the Town of Howey-in-the-Hills, on both improved and unimproved property, the town Tax Collector has collected $14,524.25 of a total tax roll of $16,902.84 levied and assessed by the Town for the year 1944, or approximately 86% of the total. The Town of Howey-in-the Hills, since the issuance and exchange of 1944 refunding bonds, has collected a sufficient amount of money in taxes to take care of all interest due, and has retired $4,800.00 par value of the outstanding principal.

(R. 32). "Further answering said Bill of Complaint, these defendants say that this suit is in the nature of a test suit; that if the Plaintiffs herein are successful, all other lands included in the 1927 limits but not included in the 1933 limits should also be relieved of taxation from the Town. The total assessed valuation of real property now subject to taxation for debt service is $597,731.00, of which $289,861.00, or

48½% is in a like class with the lands of Plaintiffs. If said lands were relieved of taxes, it would constitute a serious impairment of the Town's obligation to its creditors, would place an unbearable burden of taxation upon the remaining property, and would inevitably result in default of the debt and financial chaos."

*Assignment of error 10.* (R. 344):

"The Court erred in its ruling and decision contained in its order dated May 5, 1947, recorded in Chancery Order Book 35, page 376, sustaining Plaintiff's objection to the reading in evidence, at the final hearing, of certified copies of certain decrees and judgments of the Circuit Court in and for Lake County, validating certain bonds of the Defendant Town and of the District Court of the United States for the Southern District of Florida, directing the levy and collection of taxes to pay said bonds."

The order of May 5, 1947, referred to, is in these words: (R. 337):

"This cause came on for final hearing pursuant to due notice; and the defendant, Town of Howey-in-the-Hills and its officials having at the final hearing offered to read in evidence certified copies of certain decrees and judgments of this court, and of the District Court of the United States for the Southern District of Florida, and the Plaintiffs having objected to the introduction of the said documents;

"It is now ordered by the Court that the plaintiffs' objection to the reading of said documents in evidence be and the same is hereby sustained."

The offer to read Certain Documents in Evidence referred to is found on page 296 of the record:

"Come now the defendants, Town of Howey-in-the-Hills, and its respective officials and offer to read in evidence at the final hearing, certified copies of Judgments and Decrees mentioned and described in the Answer of the Original Defendants, to-wit:

"(1) Final Decree in the case of Town of Howey-in-the-Hills v. State of Florida, entered on October 5, 1925, and re-

corded in Chancery Book 10, page 451, of the records of this Court.

"(2) Order of validation in the case of Town of Howey-in-the-Hills v. State of Florida, entered on the 28th day of April, 1932, and recorded in Chancery Order Book 22, page 439, of the records of this Court.

"(3) Final Decree in the case of W. J. Meredith, et al., v. Town of Howey-in-the-Hills, et al., Case No. 147, Orlando Civil, entered on the 3rd of October, 1939, and recorded in the records of the United States District Court, Southern District of Florida, at Orlando, in Civil Order Book 1, page 211.

"(4) Final Decree in the case of Palmora Company v. Town of Howey-in-the-Hills, et al., Case No. .............., Orlando Civil, entered on the 24th of November, 1939, and appearing in the record of the United States District Court, Southern District of Florida, at Orlando, in Orlando Civil Order Book 1, page 250."

This Court in Gossett v. Ullendorff, 114 Fla. 159, 154 So. 177, 179, stated:

"The motion to strike from an answer any part of it which may be deemed to be redundant, impertinent or scandalous is controlled by *the rule, which requires the denial of the motion unless the matter sought to be stricken is wholly irrelevant, can have no bearing upon the equities and no influence upon the decision either as to the relief to be granted or the allowance of costs.* See Sec. 23, Chapter 14658, Acts 1931, known as the Chancery Act." (Underscoring supplied).

The principles of equity pleading above enunciated have recently been re-affirmed by the case of Schupler v. Eastern Mortgage Co., 160 Fla. 72, 33 So. (2nd) 586.

When the subject matter of the stricken portions of defendants'-appellants' answer and the legislative, fiscal and juridical history of the Town are considered, with the particular allegation that the lands involved are similar to a large portion of the other property within the municipal area; that the principal matter involved is liability of such lands.

646

for taxes for debt service purposes only; that such debt is of approximately twenty-five years' standing; that bankruptcy proceedings have been had wherein the taxable property of such town would be a controlling factor in arriving at a final determination thereof; and further considering that plaintiffs were seeking relief in equity and that it may not be good equity, under the facts and circumstances alleged in the pleadings and the parts of the answer striken as above quoted, now to relieve plaintiffs of all tax liability for debt purposes and thereby shift said debt onto the lands remaining in the Town, it is our conclusion that assignment of error number one is well founded, in so far as same relates to the portion of defendants' answer quoted above, and that assignment of error number ten, relating to proof, is likewise well founded.

It is noted in passing that it has been made to appear that the appellants may have been enjoined from doing that which it appears the Federal Court has commanded them to do.

Reversed.

THOMAS, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.

SEBRING, J., dissents.

HOBSON, J., not participating.