On Petition for Rehearing.
The appellee, as ground one of his petition for rehearing, states:
"1. That there were two questions proposed for adjudication on this appeal presented by the brief of appellant and two questions proposed for adjudication by appellee's brief, however it would appear from reading the opinion of the court in this clause that not one of these questions presented either by appellant or appellee has been squarely met and answered by the Court."
Since counsel for appellee has attached such importance to the "questions involved" as stated in the briefs, we feel it our duty to give the matter some detailed consideration. We feel that the petitioner for rehearing is not alone in his views that the "questions" of counsel should be answered.
If the prime function of an appellate court was to answer the "questions" as framed by counsel, his position might be well taken; however such is not the case.
An appeal to this Court is to review some specific order, judgment or decree of the trial court or some specific decretal portion of an order, judgment or decree, and the appellant is required to specify the alleged erroneous act of the trial judge, with such particularity as will inform this Court of the act which the appellant deems erroneous and harmful. This is done by charges of error against the trial judge which to the jurisprudence is known as the assignment of errors.
In support of the assignment of errors, briefs are required. Briefs are supposed to be addressed to the record and the "argument" of the brief to the acts of the trial judge charged to constitute harmful error. Supreme Court Rule 20 requires:
"Specific assignments of error from which the questions argued arise should be stated, and if any reference to the transcript is made, the page should be given."
The purpose and function of the "questions involved" presented by a brief, as stated in the case of Town of Howey-in-the-Hills v. Graessle, Fla., 36 So.2d 619, is to clarify the argument addressed to error vel non presented by the assignment directed against a specified act of the trial judge.
In disposing of an appeal, the appellate court's decision is primarily addressed to the consideration of the harmful errors vel non and briefs are a convenient method of introducing the case to the appellate court and presenting argument addressed to the case on appeal. Limited by the assignments of error, the case on appeal is a review by this Court of the same matter as previously considered and passed on by the lower court. This Court's decision and opinion is on the case as made on appeal and not essentially on "questions" as framed by counsel.
The petition for rehearing is denied.
ADAMS, C.J., and TERRELL and HOBSON, JJ., concur.
CHAPMAN, THOMAS, and SEBRING, JJ., dissent. *Page 469