I concur in the judgment of affirmance of the decree appealed. I concur with Mr. Justice Adams wherein he finds that the evidence sustains the decree. However, I am not of the opinion that we are precluded from considering whether the chancellor erred in denying appellant's "motion to dismiss" plaintiff's bill for the reason that upon appellant's previous application for review by certiorari we merely denied the petition. I find that the bill contains equity.
A petition for certiorari is addressed to the circumspection, sound judgment and good sense of those to whom it is addressed. When the petition is denied, it is not implied that the application was granted when the Court said "no." More is required to justify any such conclusion. If the application is denied, such denial is not the equivalent of the petition being granted, review had, and the chancellor affirmed.
A mere denial of a petition for certiorari is nothing more than to say: "We cannot hear you"; "we will not hear you now"; "you have presented nothing justifying your coming to this Court"; or "you are too impatient, go back to the court from whence you came; you may come out all right and, if you do not, you may then come here."
 Certiorari-discretionary-not of right-distinguished from appealsand writs of error.
In respect to the common law writ of certiorari, American Jurisprudence stated: "A writ of certiorari will never be refused by the court in a proper case. The writ, however, is not regarded as one of right, but rather as one which is discretionary with the court, in order to promote the ends of justice as effectively as possible." 10 Am.Jur. 530, Certiorari, Sec. 6.
The writ of certiorari is not a writ of right, but its issuance rests in the sound discretion of the court. First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618; Haile v. Gardner, 82 Fla. 355, 91 So. 376; State v. Simmons, 104 Fla. 487, 140 So. 187; Jacksonville American Pub. Co. v. Jacksonville Paper Co.,143 Fla. 835, 197 So. 672; Janet Realty Corporation v. Hoffman's, Inc., 154 Fla. 144, 17 So.2d 114.
This Court has held that the common-law writ of certiorari is to be distinguished from appeals and writs of error, in that the former are of right, while certiorari is discretionary and used to determine whether the essential requirements of the law have not been complied with to the material injury of petitioner. An appeal or writ of error is taken as matter of right to have determined whether harmful error has been committed, in cases where no direct appellate proceedings are provided by law. South Atlantic Steamship Co. v. Tutson et al., 1939, 139 Fla. 405, 426,190 So. 675; Farnham et al. v. Caldwell, 1940, 141 Fla. 416, 417,193 So. 286.
Generally speaking, reviews by appeals and writs of error do not have to be applied for and allowed, and are not dependent upon the application being granted. They do not depend upon any favorable act of the reviewing court. As a rule, the appellate jurisdiction in respect to appeals and writs of error is obligatory upon the court and cannot be withheld or denied.
However, a review by certiorari, in the absence of any special circumstances, is usually dependent upon the application being granted and is not to take the place of a writ of error or an appeal. Malone v. City of Quincy, 66 Fla. 52, 56, 62 So. 922, Ann.Cas. 1916D, 208; South Atlantic Steamship Co. v. Tutson et al., supra. *Page 470 
The holdings in the U.S. Supreme Court in certiorari on these points have been: "While the circuit court may have had power to issue a writ of certiorari auxiliary to the writ of habeas corpus, * * * it was under no obligation to do so, and its refusal cannot be assigned as error. Certiorari is a discretionary writ, and is often denied where the power to issue it is unquestionable." Hyde v. Shine, 199 U.S. 62, 85, 25 S.Ct. 760, 765, 50 L.Ed. 90.
"The writ of certiorari * * * being in the nature of a writ of error to bring up for review the decree of the circuit court of appeals, the question whether the writ should be granted rests in the discretion of this court; but when the writ has been granted, and the record certified in obedience to it, the questions arising upon that record must be determined according to fixed rules of law. Harris v. Barber, 129 U.S. 366, 369, 9 S.Ct. 314, 32 L.Ed. 697." American Const. Co. v. Jacksonville Ry., 148 U.S. 372, 378, 13 S.Ct. 758, 765, 37 L.Ed. 486.
"When sought, as between private persons, the general rule is that the writ of certiorari, such as asked here, will be granted or denied, in the sound discretion of the court, on special cause or ground shown, and will be refused where there is a plain and equally adequate remedy by appeal or otherwise." In re Tampa Suburban Railroad Company, 168 U.S. 583, 587, 18 S.Ct. 177, 179, 42 L.Ed. 589.
As to Certiorari in the United States Supreme Court, American Jurisprudence states: "Section 236. Review as Matter of Right or Discretion. — A review in the United States Supreme Court on writ of certiorari is not a matter of right, but of sound judicial discretion, and may be denied in cases where the power to issue it is unquestionable. This is recognized in the Supreme Court Rules, which provide that a writ of certiorari will be granted only where there are special and important reasons therefor, and set forth certain reasons which, although neither fully controlling nor fully measuring the Court's discretion, indicate the character of reasons that will be considered. While the power to issue the writ is a comprehensive and unlimited one, it is to be exercised sparingly and only in cases of gravity and importance, since if carelessly exercised it might defeat the very purpose of the act creating the Supreme Court. However, the Court should be slow to reach a conclusion which would deprive it of the power to issue the writ in proper cases." 54 Am.Jur. 874, 875, United States Courts, Section 236.
 Adopted statutes-construction of.
Since the practice and procedure of reviewing interlocutory orders and decrees by certiorari in this State were adopted from the United States Code, and since both were adopted to accomplish the same purpose, the construction of the Federal law by the Supreme Court of the United States will be given great weight by this Court.
"Section 462. Statutes Adopted from Particular Sources. — The general rule that where a statute is adopted from another state or country the judicial construction already placed on such statute by the highest courts of the jurisdiction from which it is taken is treated as incorporated therein so as to govern its interpretation, is applicable where the legislature of a state adopts a Federal statute, or a portion thereof, which had previously been construed by the Supreme Court of the United States." 50 Am.Jur. 476, Statutes, Sec. 462.
"Section 121. Construction of Statutes. * * * A state court in construing a state statute is not bound to follow decisions of the Federal courts in construing a similar Federal statute; but where the two acts are nearly identical and the state act was passed after the Federal statute had been construed and both acts were intended to accomplish the same object, the state court will naturally be inclined to follow the construction that the Federal courts have given the Federal statute." 14 Am. Jur. 340, Courts, Sec. 121.
When this Court adopted Supreme Court Rule 34, after the enactment of "F.S. 1941," relating to the review of interlocutory orders and decrees by "certiorari," it will be assumed that it was the intention to use the word in its technical sense and with the limitations which the law attached. *Page 471 
"Section 278. Words of Special Legal Signification. — Technical words and phrases which have acquired a peculiar and appropriate meaning in law, cannot be presumed to have been used by the legislature in a loose popular sense, but, to the contrary, have been presumed and assumed to have been used according to its legal meaning, and will ordinarily be interpreted, not in its popular, but in its fixed legal sense and with regard to the limitations which the laws attaches to them." 50 Am.Jur. 265, Statutes, Sec. 278.
The Supreme Court of the United States concerning the provisions of Section 237 of the Judicial Code of the United States [now 28 U.S.C.A. § 1257], providing for the review of certain judgments and decrees by appeal and the review of certain other judgments and decrees to be only by certiorari, has stated: "The Judicial Code was intended to restrict our obligatory appellate jurisdiction to a narrow class of cases, and to foreclosure an appeal as of right whenever the prescribed conditions have not been rigorously fulfilled." Memphis Natural Gas Co. v. Beeler, 315 U.S. 649, 62 S.Ct. 857, 859, 86 L.Ed. 1090, 1094.
The reasons for enactment of the changes in the law relative to review by the United States Supreme Court were stated by Chief Justice Taft in a hearing before the Committee on the Judiciary, House of Representatives, 68th Congress, 2nd Session, on House Resolution 8206, page 27, which reasons were summarized in Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014. Similar reasons prompted the change in our statute by the provisions of Sections 67.02, F.S. 1941, F.S.A., relative to the review of interlocutory decrees.
The United States Supreme Court, in noting the distinction between "certiorari" and "appeal" in that court and in construing Section 237 of the Judicial Code, which states that "it shall be competent for the Supreme Court, by certiorari, to require that there be certified to it for review" certain causes, etc., has stated: "The distinction is important, has a real purpose and should be given effect by all who are invested with authority to allow writs of error running from this court to a state court." Longest v. Langford et al., 274 U.S. 499, 500, 47 S.Ct. 668, 71 L.Ed. 1170.
 Certiorari denied — "law of the case."
Relative to the question of whether a simple denial of a petition seeking a review by certiorari is such an expression of opinion as to operate to establish the "law of the case" under the Federal Judicial Code, the United States Supreme Court has ruled:
"It is, of course, sufficiently evident that the refusal of an application for this extraordinary writ is in no case equivalent to an affirmance of the decree that is sought to be reviewed." Hamilton-Brown Shoe Co. v. Wolf Bros. Co., 240 U.S. 251, 257, 36 S.Ct. 269, 271, 60 L.Ed. 629.
"The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times." United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 182, 67 L.Ed. 361.
"It is urged that a certiorari was denied (269 U.S. 578, 46 S.Ct. 104, 70 L.Ed. 422) in Central of Georgia Ry. Co. v. Davis, 5 Cir., 7 F.2d 269, which seemed to qualify the doctrine of the Berkshire case [Southern Pacific Co. v. Berkshire, 254 U.S. 415, 41 S.Ct. 162, 65 L.Ed. 335]. But `The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times.' United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 67 L.Ed. 361." Atlantic Coast Line R. Co. v. Powe, 283 U.S. 401, 403-404, 51 S.Ct. 498, 499, 75 L.Ed. 1142.
"The district court also referred to a denial by this Court of a petition for certiorari, filed here after the denial by the Florida Supreme Court of one of the applications for habeas corpus. See House v. Mayo, 322 U.S. 710, 64 S.Ct. 1058 [88 L.Ed. 1553]. The district court thought that this was an expression `of the opinion that no meritorious question is presented by the matters of which petitioner here complains.' But as we have often said, a denial of certiorari by this Court imports no expression of opinion upon the merits of a case. See Hamilton-Brown Shoe Co. *Page 472 
v. Wolf Bros. Co., 240 U.S. 251, 258, 36 S.Ct. 269, 271, 60 L.Ed. 629; State of Ohio ex rel. Seney v. Swift Co., 260 U.S. 146, 151, 43 S.Ct. 22, 24, 67 L.Ed. 176; United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361; Atlantic Coast Line R. Co. v. Powe, 283 U.S. 401, 403, 404, 51 S.Ct. 498, 499, 75 L.Ed. 1142." House v. Mayo, 324 U.S. 42, 47-48, 65 S.Ct. 517, 521, 89 L.Ed. 739.
American Jurisprudence, concerning the denial of a petition for certiorari by the United States Supreme Court, states: "Review as Matter of Right or Discretion. — A review in the United States Supreme Court on writ of certiorari is not a matter of right, but of sound judicial discretion, and may be denied in cases where the power to issue it is unquestionable." 54 Am. Jur. 874, Section 236.
 Period before F.S. 1941 became effective.
The case of Hunter v. Tyner, 151 Fla. 707, 10 So.2d 492, was commenced as a suit in equity, but the case was transferred to the law side of the court. Thereupon the plaintiff, on November 29, 1941, filed what he correctly termed a "Notice of Appeal by Certiorari" for a review of the order of transfer, and the judgment of the Supreme Court, rendered on December 12, 1941, was: "Upon consideration of the petition of Counsel for plaintiff in the above styled cause for writ of certiorari, it is ordered that said petition be and the same is hereby denied."
After a final judgment was rendered in the proceedings at law, the case was appealed and this Court, in respect to an assignment of error complaining that the transfer to the law side was error, held: "6. A writ of `certiorari' is simply a method of procedure by which appeals authorized by statute can be brought to the Supreme Court, and its denial constitutes an adjudication of propriety of order involved and the order cannot be again questioned on appeal." Headnote 6, Hunter v. Tyner et al.,151 Fla. 707, 10 So.2d 492.
The certiorari proceedings referred to were commenced and concluded during the "period before F.S. 1941 became effective," when appeals were a matter of right and when certiorari in such cases went only to the manner and form of an appeal and when review of such orders was not subject to the exercise of this Court's discretion. See also Knabb v. Duner et al., 140 Fla. 483,192 So. 182; Greater Miami Development Corp. v. Pender et al.,142 Fla. 390, 392, 194 So. 867, for similar holdings. The circumstances forced the removal of a limitation which might otherwise have attached. At that time, i.e., when certiorari was denied, there was no discretion as to the right of review of such orders.
 Period since F.S. 1941 became effective.
We have two rulings on the point since the effective date of "F.S. 1941," to-wit: Hager v. Butler, supra, and Howey-in-the-Hills v. Graessle, infra. In the case of Hager v. Butler, this Court, in respect to an assignment of error going to the sufficiency of the bill, did rule: "Several questions are submitted and argued but the only question open is the sufficiency of the evidence to sustain the decree because when the bill was challenged we reviewed the correctness of the ruling thereon by certiorari under Rule 34 and approved the action of the chancellor in his order overruling the motion to dismiss." Hager v. Butler, 156 Fla. 113, 22 So.2d 631, 632.
In the case of Howey-in-the-Hills v. Graessle, this Court had before it the same point as passed upon in Hager v. Butler, supra. The Chancellor had, on February 4, 1946, entered an order striking portions of an answer, some of which are copied into the opinion of this Court on an appeal from a final decree as reported in Town of Howey-in-the-Hills v. Graessle, Fla., 36 So.2d 619.
Before the entry of the final decree "Howey" petitioned this Court to review by certiorari the aforesaid order of February 4, 1946, and the action of this Court was: "The record having been inspected, it is ordered that said petition be and the same is hereby denied."
Upon the appeal of the final decree as reported in 36 So.2d 619, supra, the appellants again presented as error the order of February 4, 1946, and the appellees made a motion to strike appellants' assignment of error addressed to the Chancellor's *Page 473 
order of February 4, 1946, on the ground that the subject matter of this assignment had been reviewed when the petition for certiorari had been denied.
Upon the presentation of the motion to strike, this Court ordered: "It is ordered that said motion be and the same is hereby denied without prejudice to further consideration and action on said motion at the time of final hearing of this appeal."
The Court's action on final determination on the merits of the motion to strike was more implied than expressed but this Court on the appeal did reverse the Chancellor with respect to the order of February 4, 1946, as reported in 36 So.2d 619, which was the same order to which the petition for certiorari had been addressed. The point was briefed, argued and was not abandoned and it did not escape the attention of the Court. The case is again before the Court in respect to the Chancellor's compliance with the mandate upon reversal.
Before July 29, 1942, when "F.S. 1941" became effective the review of interlocutory orders and decrees was a matter of right and certiorari affected only the method and manner of the exercise of the right. However, by Section 67.02, F.S. 1941, F.S.A., this former right was granted subject to a conditional proviso, as follows: "* * * provided however, that the supreme court of this state may by court rule provide for review of all such orders, decisions, judgments and decrees through proceedings in, or in the nature of, certiorari and upon the adoption of anysuch court rule this section, in so far as it provides for reviewby appeal shall stand suspended during the existence of suchcourt rule." (Italics supplied.)
It is our conclusion that the review of interlocutory orders and decrees is no longer a matter of right, but one dependent upon the exercise of the sound discretion of this Court, as is the case with the Supreme Court of the United States, and for similar reasons; and that when the action of this Court is nothing more in effect than "petition denied" such ruling is not such a review of the order or decree of the Chancellor as to establish the "law of the case."
The right as of course to a review of interlocutory orders or decrees in equity was lost by the adoption of the Court's Rule 34 and "F.S. 1941" becoming effective; and thereafter review of such orders and decrees has been only to the extent to which this Court may grant, upon consideration of the petition. The simple denial of the request for review is a negative act and is not the equivalent of an affirmance of the orders or decrees referred to in the petition. It takes more than a simple denial of a petition for certiorari to establish the "law of the case."