The petition for certiorari now before the court presents the question of whether the chancellor has followed the "law of the case". The question of the effect of "certiorari denied" was before us on the prior appeal, 160 Fla. 638, 36 So.2d 619.
Frank Graessle et al., as plaintiffs, brought this suit seeking an injunction, which bill the defendants, Howey-in-the-Hills, et al. (hereinafter referred to as "Howey"), answered, and the Chancellor, on February 4, 1946, entered an order striking portions of the answer, some of which are copied into the opinion of this Court on an appeal from a final decree as reported in Town of Howey-in-the-Hills v. Graessle, 160 Fla. 638, 36 So.2d 619.
Before the entry of the final decree "Howey" petitioned this court to review by certiorari the aforesaid order of February 4, 1946, and the action of this Court was: "The record having been inspected, it is ordered that said petition be and the same is hereby denied."
Upon the appeal of the final decree, as reported in 36 So.2d 619, supra, the appellants again presented as error the order of February 4, 1946, the appellees made a motion to strike appellants' assignment of error addressed to the Chancellor's order of February 4, 1946, on the ground that the subject matter of this assignment had been reviewed when the petition for certiorari had been denied.
Upon the presentation of the motion to strike, this Court ordered: "It is ordered that said motion be and the same is hereby denied without prejudice to further consideration and action on said motion at the time of final hearing of this appeal."
This Court's action on final determination on the merits of motion to strike was more implied than expressed but this Court on the appeal did reverse the Chancellor with respect to the order of February 4, 1946, as reported in 36 So.2d 619, which order was the same order to which the petition for certiorari had been addressed.
On the going down of the mandate the solicitors for "Howey" moved the Chancellor to:
(1) Vacate and set aside his final decree bearing date May 5, 1947.
(2) Vacate and set aside his order bearing date the 4th day of February, 1946.
(3) Enter an order denying in all respects the plaintiffs' motion filed December 13, 1945, to strike the portions of the defendants' answer.
The Chancellor on August 25, 1948, granted defendants'-appellants' motion to set aside the final decree of May 5, 1947, but as to the defendants' motion to vacate the order of February 4, 1946, it was denied, with the following observation and recitals, to wit: "This Court does not understand that the decision and opinion of the Supreme Court has held this Court in error for striking any portion of said answers except that portion setting forth the decrees of the Circuit Court and of the United States Court, mentioned in the answers, and as to those decrees the Court does set aside its order, dated May 5, 1947, sustaining the objections of the plaintiffs to the introduction in evidence of the instruments therein set forth, and now holds them to be admissible in evidence." *Page 92 
The foregoing language of the Chancellor was correct as addressed to the assignment of error number ten but ignored the provisions of the opinion relating to the order of February 4, 1946, to which assignment of error number one was addressed. The holding of this court was: "* * * it is our conclusion that assignment of error number one is well founded, in so far as same relates to the portion of defendants' answer quoted above, and that assignment of error number ten, relating to proof, is likewise well founded." Town of Howey-in-the-Hills v. Graessle,160 Fla. 638, 36 So.2d 619, 623.
We now have before us a petition for certiorari to review the Chancellor's order of August 25, 1948, relating to the reversal by the court of his prior order of February 4, 1946.
The duty of the Chancellor upon a reversal of a decree for further appropriate proceedings contemplates the entry by the Chancellor of decree modifying the decree found to be in error, so that it will conform to the opinion of this Court. See Glass v. Layton, 121 Fla. 462, 164 So. 284.
It is generally considered that when an appellate court has considered and adjudicated a point or question presented for review that the point adjudicated becomes the law of the case and it is not open for reconsideration and review on a subsequent appeal of the case.
"By `law of the case' is meant the principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court * * * through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed." McGregor v. Provident Trust Co. of Philadelphia,119 Fla. 718, 162 So. 323, 327. See also Utley v. City of St. Petersburg, 121 Fla. 268, 163 So. 523; Higbee v. Housing Authority of Jacksonville, 143 Fla. 560, 197 So. 479.
As stated by American Jurisprudence: "The doctrine of the law of the case is not a rule laid down by legislative enactment, but one laid down by the courts themselves." 3 Am.Jur. 544 — "Appeal and Error" — Section 985.
The rule of "law of the case" is not an absolute rule of law, but rather one of practice and procedure, based upon the principle that a court is not required to pass upon the same matter twice, and American Jurisprudence states:
"The records on the former appeal may be looked into for the purpose of ascertaining what facts and questions were then before the court so as to see to the correct application of the rule as to the law of the case.
"The doctrine of the law of the case has been frequently recognized as a harsh doctrine. Some courts have expresssed their intention not to extend the application of the doctrine of the law of the case beyond the cases in which it has heretofore been held to apply. And in some jurisdictions the rule of the law of the case has been abolished, or at least modified by express statutory or constitutional provisions.
"There would seem to be no question but that an appellate court may, on a second appeal, correct the entry of the former judgment so as to make it express the true decision of the case." 3 Am.Jur. 544 — "Appeal and Error" — Sec. 985.
We will now advert to the effect of the mere denial of a petition for certiorari which was a question before us on the prior appeal. Upon the appeal it was likely our duty to expressly pass upon the effect of this court's prior order that the appellants' petition for certiorari be "denied"; i.e., whether or not such ruling was sufficient to establish the "law of the case." Had we done so, doubtless the Chancellor would have set aside his order of February 4, 1946, and entered an order conforming to the opinion of reversal. We will not treat the effect of a mere denial of a petition for certiorari.
Period "after F.S. 1941 became effective": On July 29, 1942, the statutory revision known as "F.S. 1941," F.S.A., became effective and the former law, viz., Sec. 4961, C.G.L., providing for appeals of interlocutory decrees in equity was superseded by a provision as follows: "Appeals from interlocutory orders,etc. Appeals may be taken and prosecuted from any interlocutory *Page 93 
order, decision, judgment or decree of the circuit courts of this state, when sitting as courts of equity, provided however, that the supreme court of this state may by court rule provide for review of all such orders, decisions, judgments and decrees through proceedings in, or in the nature of, certiorari and upon the adoption of any such court rule this section, insofar as it provides for review by appeal, shall stand suspended during theexistence of such court rule." Section 67.02, F.S. 1941, F.S.A.
On December 17, 1941, after the enactment of "F.S. 1941" but before it became effective, this court, as authorized by section 67.02, supra, amended Rule 34, Rules of Supreme Court, 30 F.S.A., to provide as follows:
"Rule 34. Interlocutory Appeals by Certiorari
"(a) Interlocutory Appeals to Be by Certiorari. All appeals from interlocutory decrees as authorized by statute including orders or decrees after final decree, shall be prosecuted to this court by certiorari in the manner provided by the rules relating to the constitutional writ of certiorari. This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient.
 * * * * * *
"(c) Oral Argument. Arguments of not exceeding ten minutes
to the side will be permitted the day application is made. If more time is desired, it will be set for a day certain." Effective March 1, 1942, 148 Fla. 791.
 Is it to be assumed that this Court adopted Rule 34 withoutrecognition of the distinction between "appeal" and"Certiorari"?
The distinction between review by "certiorari" and "appeal" is well known to the bench and bar, and this distinction is recognized by Section 67.02, F.S. 1941, F.S.A. The purpose of the provision by rule for "certiorari" in place of "appeal," as provided for by the statute, was a recognition of a distinction between them. Without a recognition of this distinction the change of the law as wrought by Section 67.02, F.S. 1941, F.S.A., would be meaningless. Section 67.02, F.S. 1941, F.S.A., provides for review of interlocutory orders and decrees as of right until this Court might provide for review by certiorari or in the nature of certiorari.
If the Court deems it best to preserve the right of review by "appeal" it needs only to eliminate from Rule 34 the provision for review of such matters by "certiorari" and make the rule applicable to reviews by "appeal". If the certiorari provisions of the rule are eliminated the statutory provisions for review by appeal will prevail. With the word "appeal" substituted in the rule for the word "certiorari" and with the elimination of the provision for "petitions" and the provision for notice of hearing retained, then the proviso of Section 67.02, F.S. 1941, F.S.A., will become non-operative and the Court will be free to adoptsuch amended Rule 34 relative to the manner and method ofprosecuting an appeal of an interlocutory order or decree, as itmay deem proper.
Until changed it seems better to accept the unambiguous language of the statute and rule at face value and with the connotation as known to the jurisprudence — that the rule should be accepted as it is written and not as it might have been written.
For a comparative history of the development of the substitution of the use of certiorari for appeal in the Supreme Court of the United States, see the dissenting opinion in Davis v. Strople, Fla., 39 So.2d 468.
The simple denial of the request for review is a negative act and is not the equivalent of an affirmance of the orders or decrees referred to in the petition. It takes more than a simple denial of a petition for certiorari to establish the "law of the case."[1]
Returning to the question of whether the Chancellor was following the "law of the Case" as established on the appeal, Howey-in-the-Hills v. Graessle, supra, we find that he has not. Upon the going down of the *Page 94 
mandate the Chancellor should have entered an order amending his order of February 4, 1946, to which the petition for certiorari was addressed and which was found to be in error on the appeal, so same would not have the effect of striking the quoted portions of the answer as set forth in the Court's opinion on the appeal.36 So.2d 619.
This Court's writ of certiorari to the Chancellor's order of August 25, 1948, should be granted, and that same be quashed in so far as it relates to the order of February 4, 1946; the entry of a proper order should be directed, and the Chancellor should fix a new limitation of time for the taking of testimony.
BROWN, A.J., concurs.
[1] For the logic on this point see State v. Baltimore Radio Show, 70 S.Ct. 252, 255, 94 L.Ed. ___.