DREW, Chief Justice.
Appellee has moved to strike certain of the assignments of error of appellant on the grounds that the identical orders challenged thereby were previously reviewed and the points therein adjudicated by this Court pursuant to appellant’s petition for certiorari duly presented to this Court.
Originally the appellant, as plaintiff in the trial court, brought an equity action seeking dissolution of a corporation and partition of its assets. Pending the suit, there was a sale of the corporation assets, pursuant to which the court entered orders allowing credit bidding at the sale, confirming the sale, and denying appellant’s motion for an order fixing supersedeas bond pending certiorari. These three orders were the subject of a petition for certiorari under old Supreme Court Rule 34,'30 F.S.A., duly presented to this Court by the appellant. After argument before the Court with reference to the propriety of these orders, cer-tiorari was denied without opinion on September 14, 1954, 79 So.2d 297. The trial court thereafter disposed of other ministerial matters in the suit pertaining - to the questions of compensation to attorneys, distribution of proceeds, and discharge of the receiver; but the Court took no further action with reference to the particular matters which were the subject of the.certiorari action.
In this appeal the appellant assigned as error not only the orders of the trial court in connection with the ministerial questions determined subsequent to the certiorari action but also the identical three orders previously challenged unsuccessfully. The ap-pellee’s motion to strike is directed to the assignments of error which again seek review of these latter three orders. He contends the denial of certiorari established the law of the case which is binding upon all parties in the absence of intervening facts on the record to change the status of the parties with reference to those orders. Hunter v. Tyner, 151 Fla. 707, 10 So.2d 492; Hager v. Butler, 156 Fla. 113, 22 So.2d 631; Davis v. Strople, 158 Fla. 614, 29 So.2d 364, 39 So.2d 468.
The appellant contends the efficacy of the cases relied upon by appellee is overridden by Section 59.021, F.S.1953, F.S.A., being *322 C. 25116,. Acts of 1949,- Laws of Florida, effective May 21, 1949, which statute, he asserts, was enacted for the sole purpose of preventing a. mere denial of petition for writ of certiorari from becoming the “law of the case.”, even though appeal is given as a matter of right from an interlocutory order in chancery. That statute provides as follows:
“The denial of a petition shall have the force and effect upon the. act, order, decree or judgment of which review is sought only to the extent that the court may affirmatively and expressly act, but the mere denial of such petition shall have no greater force and effect than to deny the further exercise of jurisdiction.”
We said, in Hunter v. Tyner, Supra [151 Fla. 707, 10 So.2d 494], in reference to the review of an interlocutory order in an equity suit, and now reiterate, “A- writ of this kind being simply a method of procedure by which such appeals authorized by the statute can be brought to this court; its denial, we think, was an adjudication of the propriety of the order involved and it could not again be questioned'-in this appeal.”
The above statute, enacted subsequent to our decision in Hunter v. Tyner, supra, is a clear invasion upon functions exclusively vested in the judiciary. The legislature has no power to act in that area. The statute is a manifest and palpable violation on its face of the separation of powers doctrine which is imbedded in Article II of our F.S.A. Constitution and which is essential to the preservation of our American system of government. For that basic reason it is void, frustrate and of no effect. Compare Trustees Internal Imp. Fund v. Bailey, 10 Fla. 238; Spafford v. Breward County, 92 Fla. 617, 110 So. 451; In re Alkire’s Estate, 144 Fla. 606, 198 So. 475; Simmons v. State, 160 Fla. 626, 36 So.2d 207.
The appellee’s motion to strike from the record the appellant’s assignments of Error numbered one through five is hereby granted.
THOMAS, SEBRING, HOBSON, and BUFORD, JJ., concur.
ROBERTS,. J., not participating.